*Ex parte* NATIONAL ENAMELING AND STAMPING COMPANY, PETITIONER.

PETITION FOR WRIT OF MANDAMUS.

No. 17, Original. Argued February 19, 1906.—Decided March 19, 1906.

Plaintiffs brought suit upon a single patent, in which there were twelve claims. The Circuit Court found that three of the claims were invalid and nine valid, of which five had been infringed, and referred it to a master to report the amount of damages and dismissed the bill as to the claims found invalid and not infringed. Defendants appealed from the decree and plaintiffs also filed cross appeal assigning as errors the rulings adverse to them. The Circuit Court of Appeals dismissed the cross appeal. Petition for mandamus to compel that court to take jurisdiction of the cross appeal denied and *held*, that:

The decree was interlocutory and not final and in the Federal courts no appeal can as a general rule be taken except from a final decree.

The appeal authorized by § 7 of the act of March 3, 1891, does not bring up the cause as a whole; and, unless otherwise specially ordered, the case, except for hearing of the appeal from the interlocutory order, proceeds in the lower court as though no appeal had been taken until final judgment.

Cases in which a bill has been dismissed as to some of the defendants and a separable controversy as to others referred to a master for an accounting, and in which the dismissal has been treated as a final decree, have no application to a case of joint liability, or in which there is only a single defendant.

IN March, 1903, the petitioners filed their bill in the Circuit

Court of the United States for the Southern District of New York against the New England Enameling Company, to restrain the further infringement by that company of letters patent of the United States, No, 527,361, for improvements in enameling metal ware, and to recover damages for past infringement. After answer and proofs the case came on for hearing, and on July 8, 1905, a decree was entered, reciting that nine of the twelve claims in the patent were good and valid, that three were invalid and void by reason of the fact that the patentee was not the original or first inventor or discoverer, that five of the nine valid claims had been infringed by the defendant, but the remaining four had not been. As to the claims held invalid and those found to have been not infringed, it was ordered that the bill of complaint be dismissed. As to the remaining five claims, those held to be infringed, it was ordered that the plaintiffs recover the gains, profits, savings and advantages which the defendant had derived by reason of the infringement, and that the case be referred to a master to report the amount thereof, and also that an injunction issue against further infringement. On August 1, 1905, the defendant appealed from said decree to the Court of Appeals and filed its assignment of errors. On August 8 the plaintiffs also appealed to the Circuit Court of Appeals and assigned as errors the rulings in the decree adverse to them. On January 3, 1906, this cross appeal of the plaintiffs was dismissed by the Court of Appeals, on the ground that it had no jurisdiction thereof. Thereupon the plaintiffs filed in this court this petition for a writ of mandamus commanding the judges of the Circuit Court of Appeals to take jurisdiction of said cross appeal, and to dispose of it simultaneously with the appeal of the defendant.

*Mr. Louis Marshall,* with whom *Mr. Arthur v. Briesen* and *Mr. Walter D. Evans* were on the brief, for petitioners.

*Mr. Philip Mauro,* with whom *Mr. Harold Binney* and *Mr,*

*C. A. L. Massie* were on the brief, for petitioner in No. 18, original, argued simultaneously herewith.[1]

Mandamus is the proper remedy where, as here, a court refuses to act in a matter properly before it, or to take jurisdiction in a proper case, and from such refusal no writ of error or appeal will lie. *Insurance Co.* v. *Comstock*, 16 Wall. 258, 271; *Matter of Christensen Engineering Co.*, 194 U. S. 458; *Ex parte Hollon Parker*, 131 U. S. 221; *Re Farmers' Loan & Trust Co.*, 129 U. S. 206; *Re Hohorst*, 150 U. S. 653.

Jurisdiction to entertain petitioners' cross appeal logically and reasonably follows from the principles laid down in *Smith* v. *Vulcan Iron Works*, 165 U. S. 518; *Chicago Wooden Ware Co.* v. *Miller Co.*, 133 Fed. Rep. 541; *Scriven* v. *North*, 134 Fed. Rep. 366. A situation is presented by reason of the conflict in the decision of this case and the two cases last cited calling for certiorari in order that this court may make the practice uniform.

The decree was in effect a final decision within the meaning of the act of 1891. *Forgay* v. *Conrad*, 6 How. 201; *Hill* v. *Chicago & Evanston R. R. Co.*, 140 U. S. 52; *Scriven* v. *North*, *supra; United Nickel Co.* v. *California Works*, 25 Fed. Rep. 475; *Borturek* v. *Brinckerhoff*, 106 U. S. 3. The history of the amendment of 1900 and the plain meaning show that either party aggrieved by the granting of an injunction may appeal.

*Mr. Robert N. Kenyon*, with whom *Mr. Walter F. Rogers* and *Mr. Jacob Steinhardt* were on the brief, for respondent.

*Mr. W. Clyde Jones*, with whom *Mr. John Ridout* was on the brief, for respondent in No. 18, original, argued simultaneously herewith.[1]

Section 7 of the Judiciary Act of 1891, as amended in 1900, is not ambiguous but clearly means that an appeal will lie only

---

[1] *Ex parte Automatic Switch Co., post,* p. 166.

by the defendant who has been enjoined by an interlocutory order or decree, and for the purpose of determining whether the injunction was properly granted. The amendments of 1895 and 1900 have not changed its provisions in this respect. The original act has been uniformly held to confer no jurisdiction to entertain an appeal from such portions of an interlocutory decree as dismissed the bill. *Marden* v. *Campbell Co.*, 67 Fed. Rep. 809; *Kilmer Co.* v. *Griswold*, 67 Fed. Rep. 1017; *Eagle Lock Co.* v. *Corbin*, 64 Fed. Rep. 789.

Under the act as amended in 1900, the following decisions were rendered on exactly the same question and to the same effect. *National Co.* v. *Automatic Co.*, 105 Fed. Rep. 670; *Thomson-Houston* v. *Nassau Co.*, 112 Fed. Rep. 676; *Western Elec. Co.* v. *Abbott*, 108 Fed. Rep. 953; *Dowagiac* v. *Superior Co.*, 115 Fed. Rep. 886, 890.

Cases construing the statute in the same way, but relating specifically to appeals from interlocutory orders rather than decrees are *Westinghouse* v. *Christensen*, 104 Fed. Rep. 622; *Wire Co.* v. *Boyce*, 104 Fed. Rep. 172; *Frye & Bruhn* v. *Carstens*, 130 Fed. Rep. 766. See also *Metallic Extraction Co.* v. *Brown*, 104 Fed. Rep. 345, 354.

In *Smith* v. *Vulcan Iron Works* the present question did not arise. That case is not in conflict with the decisions of the Circuit Courts of Appeals denying the right of complainant to a cross appeal. It considered only the extent of the relief that could be given to a defendant improperly enjoined, not the extent of the jurisdiction. See *Mast, Foos & Co.* v. *Stover Mfg. Co.*, 177 U. S. 485; *In re Tampa Suburban Railroad Co.*, 168 U. S. 583.

The history of this legislation and of the times shows that it was the intention of Congress to give the right of appeal to the defendant but to deny it to the complainant. Cong. Rec. 51st Cong., 1st Sess., pp. 3,298, 10,193, 10,199, 10,217, 10,222, 10,278, 10,302, 10,335, 10,363; 2d Sess., pp. 2,198, 3,087, 3,535, 3,583.

This court will not allow a mandamus to be used in place

of an appeal. *Ex parte Schwab*, 98 U. S. 240; *Ex parte Perry*, 159 U. S. 186.

The decree was interlocutory, not final, within the meaning of the Judiciary Act. *Barnard* v. *Gibson*, 7 How. 650; *McGourkey* v. *Toledo R. R. Co.*, 146 U. S. 536; *Hohorst* v. *Hamburg-Amer. Packet Co.*, 148 U. S. 262; *Estey* v. *Burdett*, 109 U. S. 633; *Hill* v. *Chicago R. R. Co.*, 140 U. S. 52; *Dainese* v. *Kendall*, 119 U. S. 53; *Winthrop Iron Co.* v. *Meeker*, 109 U. S. 180; *Keystone Iron Co.* v. *Martin*, 132 U. S. 91. In patent cases there cannot be two final decrees. *Morden* v. *Campbell Co.*, 67 Fed. Rep. 809.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

The decree entered by the Circuit Court was interlocutory and not final. *Barnard* v. *Gibson*, 7 How. 650; *Humiston* v. *Stainthorp*, 2 Wall. 106, and cases cited in note; *Estey* v. *Burdett*, 109 U. S. 633, 637; *McGourkey* v. *Toledo & Ohio Railway Company*, 146 U. S. 536 (in this case is a full discussion of the differences between an interlocutory and a final decree); *Hohorst* v. *Hamburg-American Packet Company*, 148 U. S. 262; *Smith* v. *Vulcan Iron Works*, 165 U. S. 518.

Plaintiffs brought one suit upon a single patent. The findings of the Circuit Court that three of the twelve claims were invalid and that the remaining nine were valid, but that four of them had not been infringed by the defendant, did not break this one suit into twelve. They were a guide to the master in his ascertainment of the damages and indicated the scope of the final decree.

In the Federal courts no appeal can, as a general rule, be taken, except from a final decree. As said by Mr. Chief Justice Taney in *Forgay* v. *Conrad*, 6 How. 201, 205:

"In this respect the practice of the United States chancery courts differs from the English practice. For appeals to the House of Lords may be taken from an interlocutory order of

the Chancellor, which decides a right of property in dispute. . . . But the case is otherwise in the courts of the United States, where the right of appeal is by law limited to final decrees." See also *McLish* v. *Roff*, 141 U. S. 661, 665.

In the latter case this was held persuasive against extending the right of review given by section 5 of the Circuit Court of Appeals act of March 3, 1891, 26 Stat. 826, to other cases than those in which there was a final judgment or decree, although the word "final" is omitted in some of the clauses of the section.

By section 7 of that act, however, an appeal was provided from certain interlocutory orders or decrees. That section has been twice amended. 28 Stat. 666; 31 Stat. 160. As it now stands it reads:

"SEC. 7. That where, upon a hearing in equity in a District Court or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the Circuit Court of Appeals: *Provided*, That the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court, or by the appellate court or a judge thereof, during the pendency of such appeal: *Provided, further*, That the court below may in its discretion require as a condition of the appeal an additional bond."

It will be noticed that the appeal is allowed from an interlocutory order or decree granting or continuing an injunction, that it must be taken within thirty days, that it is given precedence in the appellate court, that the other proceedings in the lower court are not to be stayed, and that the lower

court may require an additional bond. Obviously that which is contemplated is a review of the interlocutory order, and of that only. It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree. The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered. It may be true, as alleged by petitioners, that "it is of the utmost importance to all of the parties in said cause that there shall be the speediest possible adjudication by the United States Circuit Court of Appeals as to the validity of all of the claims of the aforesaid letters patent which are the subject matter thereof." But it was not intended by this section to give to patent or other cases in which interlocutory decrees or orders were made any precedence. It is generally true that it is of importance to litigants that their cases be disposed of promptly, but other cases have the same right to early hearing. And the purpose of Congress in this legislation was that there be an immediate review of the interlocutory proceedings and not an advancement generally over other litigation.

Petitioners rely mainly on *Smith* v. *Vulcan Iron Works*, 165 U. S. 518. In that case it was held that when an appeal is taken from an interlocutory order granting or continuing an injunction, the whole of the order is taken up, and the appellate court may (if upon an examination of the record as thus presented it is satisfied that the bill is entirely destitute of equity) direct a dismissal, and is not limited to a mere reversal of the order granting or continuing the injunction. Take an ordinary patent case. If an injunction is granted by an interlocutory order and the order is taken on appeal to the Circuit Court of Appeals, and that court is of opinion that the patent is on its face absolutely void, it would be a waste of time and an unnecessary continuance of litigation to simply enter an order setting aside the injunction and remanding the case for further proceedings. The direct and obvious way is to order

a dismissal of the case, and thus end the litigation. And such is the scope of the opinion in that case. After noticing the general rule that appeals will not lie until after final decree, and that an order or decree in a patent case granting an injunction and sending the cause to a master for accounting is interlocutory only, and therefore not reviewable on appeal before the final decree in the case, it referred to the provision of section 7, and said (p. 525):

"The manifest intent of this provision, read in the light of the previous practice in the courts of the United States, contrasted with the practice in courts of equity of. the highest · authority elsewhere, appears to this court to have been, not only to permit the defendant to obtain immediate relief from an injunction, the continuance of which throughout the progress of the cause might seriously affect his interests; but also to save both parties from the expense of further litigation, . should the appellate court be of opinion that the plaintiff was not entitled to an injunction because his bill had no equity to support it."

But nowhere in the opinion is it intimated that the plaintiff was entitled to take any cross appeal or to obtain a final decree in the appellate court. This view of the scope of section 7 was reaffirmed in *Mast, Foos & Co.* v. *Stover Manufacturing Company*, 177 U. S. 485, 494, 495.

It is suggested that, as to the claims held to be invalid and those held to be valid but not infrigned, the bill was dismissed; that thus, in fact, a final decree was entered which entitled the plaintiff to an appeal. *Forgay.* v. *Conrad, supra,* and *Hill* v. *Chicago & Evanston Railroad Company,* 140 U. S. 52, are cited as authorities. In both these cases there were several defendants and the decrees were adjudged final only in respect to certain of the defendants. In the first the Circuit Court passed a decree declaring sundry deeds to be fraudulent and void and directing the lands and slaves therein mentioned to be delivered up to the complainant, and also directing one of the defendants named in the decree to pay him $11,000, and " that the com-

plainant do have execution for the several matters aforesaid
in conformity with law and the practice described by the
Supreme Court of the United States." The court refused to
dismiss the appeal, holding that, while the decree was not final
in the strict technical sense of the term, yet in view of the
effect of the orders entered and the fact that unless review
was granted at once there might be irreparable injury, the de-
cree must be regarded as final to that extent. At the same
time it criticised the terms of the decree, said that the final
orders should have been delayed until the master's report was
received, and added, after its comments upon the procedure
below (6 How. 206):

"These remarks are not made for the purpose of censuring
the learned judge by whom this decree was pronounced, but
in order to call the attention of the Circuit Courts to an in-
convenient practice into which some of them have sometimes
fallen, and which is regarded by this court as altogether in-
consistent with the object and policy of the acts of Congress in
relation to appeals, and at the same time needlessly burden-
some and expensive to the parties concerned, and calculated,
by successive appeals, to produce great and unreasonable delays
in suits in chancery. For it may well happen that, when the
accounts are taken and reported by the master, this case may
again come here upon exceptions to his report, allowed or
disallowed by the Circuit Court, and thus two appeals made
necessary, when the matters in dispute could more conveniently
and speedily, and with less expense, have been decided in one."

In the subsequent case of *Beebe* v. *Russell*, 19 How. 283, in
which the rule in reference to the finality of decrees was further
considered, it was said, in explanation of the decision in the
*Forgay* case (p. 287):

"In Forgay's case, it [the question] was made upon the
decree given by the court below, and it was adjudged by this
court to be final to give this court jurisdiction of it. But it
was so, upon the ground that the whole merits of the contro-
versy between the parties had been determined, *that execution*

*had been awarded,* and that the case had been referred to the master merely for the purpose of adjusting the accounts. The fact is, *the order of the court in that case for referring it to a master was peculiar,* making it doubtful, if it could in any way control or qualify the antecedent decree of the court upon the whole merits of the controversy, or modify it in any way, except upon a petition for a rehearing."

In *Hill* v. *Chicago & Evanston Railroad Company, supra,* there had been an order of dismissal in favor of some of defendants, together with a reference to a master of a separable controversy between the plaintiff and other parties, and the court observed (p. 54):

"But there was no adjudication as to the payment of the amount to be ascertained by the master; that remained unsettled. It was, however, a severable matter from the other subjects of controversy and did not affect their determination. The fact that it was not disposed of did not change the finality of the decree as to the defendants against whom the bill was dismissed; that amount, or to whom made payable, did not concern them. They were no longer parties to the suit for any purpose. The appeal from the subsequent decree did not reinstate them. All the merits of the controversy pending between them and the complainant were disposed of, and could not be again reopened, except on appeal from that decree. As to the other parties, it remained to ascertain the amount of one item and to determine as to its payment."

But as held in *Hohorst* v. *Hamburg-American Packet Company, supra,* that rule does not apply to cases where the liability of the defendants is alleged to be joint; and, therefore, cannot to a case in which there is but a single defendant.

The rule is discharged, and the application for a writ of mandamus is denied.