## LIBRARY BUREAU v. YAWMAN & ERBE MFG. CO.

(Circuit Court of Appeals, First Circuit. April 11, 1906.)

No. 640.

APPEAL—DECISIONS REVIEWABLE—INTERLOCUTORY DECREE—PATENTS—SUIT FOR INFRINGEMENT.

The rule of Marden v. Campbell Printing Press Co., 67 Fed. 809, 15 C. C. A. 26, applied, to the effect that an interlocutory decree, adjudging certain claims of a patent valid and infringed, and directing an accounting, and other claims invalid or not infringed, is not final as to the latter, and an appeal does not lie therefrom by complainant.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 329–332, 336.]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

On motion to dismiss appeal.

Odin Roberts, for appellant.
Frederick F. Church, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. This is a motion to dismiss an appeal by the complainant in the court below from an interlocutory decree for an injunction and an accounting in a suit for an alleged infringement of letters patent for an invention. The interlocutory decree held one of the claims of the patent valid and infringed, and the other claims invalid or not infringed, and the complainant appealed from so much thereof as related to the claims which were adjudged invalid or not infringed. Thereupon the respondent below, now the appellee, filed a motion to dismiss on the ground that the appeal was premature. The respondent below took an appeal from so much of the interlocutory decree as adjudged one of the claims valid and infringed and directed an injunction in regard to the same. The motion to dismiss this appeal must be allowed on the authority of our decision in Marden et al. v. Campbell Printing Press Co., 67 Fed. 809, 15 C. C. A. 26, a case decided by us on May 4, 1895, and also of Ex parte National Enameling Company (decided by the Supreme Court on March 19, 1906) 26 Sup. Ct. 404, 50 L. Ed. 707.

It is ordered that this appeal be dismissed, without prejudice to any proceedings in the Circuit Court, or to the right of the appellant to take any subsequent appeal, and without prejudice to any questions which may be raised by such subsequent appeal, if lawfully taken, with costs in this court for the appellee incident to its motion to dismiss.