## JONES BROS. CO. v. UNDERKOFFLER et al.

### No. 1067.

District Court, M. D. Pennsylvania.

Sept. 10, 1938.

Carpenter & Carpenter, of Sunbury, Pa., and John F. McCanna, of Rockford, Ill., for plaintiff.

Schaffer & Schaffer, of Sunbury, Pa., for defendants.

JOHNSON, District Judge.

This is a bill in equity alleging infringement of plaintiff's copyright on a design for a memorial monument.

The case was tried by the Court, and on October 17, 1936, answers to the requests for the parties· for findings of fact and conclusions of law were filed. On the same date an opinion was filed which discussed the law applicable to the facts and held that the plaintiff's copyright was valid and had been infringed by defendants, D.C., 16 F.Supp. 729. On November 24, 1936, a decree was filed enjoining defendants from further infringement of the copyright, and referring the case to a master to determine the damages and costs to which plaintiff was entitled. The master filed his report on September 4, 1937, and after considering exceptions taken by the parties to this report, an opinion was filed on December 6, 1937, approving the master's report with certain modifications. On January 19, 1938, a decree nisi was filed. This decree provided, inter alia:

"This decree is herewith confirmed nisi, and the Clerk is directed to give notice to the parties, or their counsel, as required by Additional Equity Rule "8" regulating the practice herein, and if no exceptions be filed to this decree within ten days the Clerk is directed to enter final decree in accordance herewith."

On January 24, 1938, the defendant filed 91 exceptions. These exceptions relate to the opinion dated October 17, 1936, the decree dated November 24, 1936, answers to plaintiff's and defendants requests for findings of fact and conclusions of law, opinion dated December 6, 1937, and the decree nisi.

Plaintiff thereupon moved that exceptions 1 to 89, inclusive, be dismissed on the ground that they all relate to the validity of the copyright and infringement thereof, which questions were passed upon by the order of October 17, 1936. Plaintiff contends that by failing to take an appeal within thirty days from this order, defendants cannot now raise the questions which were decided therein on the ground that these questions are now res adjudicata. In support of this contention defendant cites Section 129 of the Judicial Code, as amended, 28 U.S.C.A. § 227. This section provides that an appeal may be taken to the Circuit Court of Appeals from an interlocutory order or decree granting an injunction, and further provides that such an appeal must be taken within thirty days from the entry of such order or decree.

The defendant's exceptions and plaintiff's motion to dismiss exceptions 1 to 89, inclusive, were fully and ably argued by counsel for plaintiff and defendants and are now before the court for disposition.

Section 129, supra, does not divest this court of jurisdiction to reconsider questions passed upon by an interlocutory decree before entering a final order. Section 129 grants the privilege or option to take an appeal from an interlocutory decree granting an injunction. Failure to exercise this option by taking a pre-

394

liminary appeal, however, in no way affects the right to have the court reconsider the interlocutory order before entering a final decree, or the right to appeal from the final decree. Marden v. Campbell Printing Press, etc., 1 Cir., 67 F. 809; Ex Parte National Enameling & Stamping Co., 201 U.S. 156, 26 S.Ct. 404, 50 L.Ed. 707. Therefore, plaintiff's motion to dismiss exceptions 1 to 89, inclusive, without further consideration is without merit.

Exceptions 1 to 83, inclusive, all relate to the answers to requests for findings of fact and conclusions of law. These findings and conclusions were carefully considered at the time they were made and were discussed in the opinion of October 17, 1936. These findings and conclusions have been carefully reconsidered and for the reasons set out in the opinion of October 17th, these exceptions must be dismissed.

Exceptions 84 to 88, inclusive, all relate to alleged errors in the opinion of October 17, 1936, and in substance allege that it was error to conclude that plaintiff had a valid copyright which was infringed by defendants. These matters have also been carefully reconsidered and for the reasons set out in the opinion of October 17, 1936, exceptions 84 to 88, inclusive, must be dismissed.

Exception 89 relates to the decree of November 24, 1936, which made formal findings in accordance with the opinion of October 17, 1936, enjoined further infringement by defendants, and referred the matter of damages and costs to a special master. This exception is also dismissed for the reasons set out in the opinion of October 17, 1936.

Exception 90 relates to the opinion and order of December 6, 1937, which passed upon exceptions to the Master's Report and fixed damages and costs. These matters have been carefully reconsidered and the exception is without merit for the reasons set out in the opinion of December 6, 1937.

Exception 91 relates to the entire decree nisi. This exception is based on the preceding exceptions and must, therefore, be dismissed.

Defendants' exceptions to the Chancellor's opinion dated October 17, 1936, interlocutory decree dated November 24, 1936, answers to defendants' requests for findings of fact and conclusions of law, answers to the plaintiff's requests for findings of fact and conclusions of law, opinion of the Chancellor dated December 6, 1937, and the decree nisi entered in this case are dismissed.

A final decree in accordance with this opinion is filed herewith and the Clerk is directed to enter the same of record.