R.M.S. TITANIC, INC., successor-in-interest to Titanic Ventures, limited partnership, Plaintiff,

v.

The WRECKED AND ABANDONED VESSEL, its Engines, Tackle Apparel, Appurtenances, Cargo, Etc., Located Within One (1) Nautical Mile of a Point Located at 41 43′ 32″ North Latitude and 49 56′ 49″ West Longitude, Believed to be the R.M.S. Titanic, in rem, Defendant.

No. 2:93CV902.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 2, 2004.

J. Ridgely Porter, III, Esquire Carr & Porter LLC, Portsmouth, VA, for RMS Titanic, Inc.

Lawrence R. Leonard, Assistant U.S. Attorney, Norfolk, VA, for USA.

### ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff's motion for a stay of proceedings and for a continuance until the court of appeals issues a ruling on plaintiff's appeal from this court's July 2, 2004 Memorandum Opinion and Order. For the reasons set forth below, plaintiff's motion is **GRANTED** in part.

On July 2, 2004, this court issued a Memorandum Opinion and Order denying two preliminary motions by plaintiff. *See R.M.S. Titanic, Inc. v. The Wrecked and Abandoned Vessel, Believed to be the R.M.S. Titanic,* 323 F.Supp.2d 724 (E.D.Va.2004). On July 27, 2004, plaintiff filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, appealing the July 2, 2004 Memorandum Opinion and Order. Also on July 27, 2004, plaintiff filed a Motion For a Stay of Proceedings and For a Continuance in this court. Plaintiff requests that the salvage award hearing in this case scheduled to begin October 18, 2004, be postponed indefinitely.

In its motion, plaintiff raises three arguments. First, plaintiff argues that the United States' June 18, 2004 signature of an international agreement designating the wreck of the R.M.S. Titanic an international memorial supports a continuance of the October 18, 2004 salvage award hearing because it might put plaintiff's continuing rights as salvor-in-possession in question. Second, plaintiff argues that its notice of appeal divests this court of jurisdiction. Third, plaintiff argues that recent illnesses afflicting the expert it has retained to appraise the Titanic artifacts presently in its possession necessitates a continuance at this time.

Plaintiff's first argument is without merit. The October 18, 2004 salvage award hearing concerns only the amount of reward plaintiff should receive for its efforts in recovering artifacts from the Titanic wreck from 1987 through February 12, 2004, when plaintiff filed its currently pending motion for a salvage award. Irrespective of any future designation of the Titanic wreck as an international memorial and of plaintiff's future rights as salvor-in-possession, plaintiff is entitled to an award for its past efforts, and the international agreement has no bearing on the amount of that award.[1]

As to plaintiff's second argument, the court exercises its discretion to stay the proceedings in this case to await a determination by the Fourth Circuit whether it has jurisdiction to hear plaintiff's interlocutory appeal. Plaintiff does not specify whether it appeals under 28 U.S.C. § 1292(a)(1), which authorizes ap-

---

1. The court does find persuasive plaintiff's argument that implementation of the international treaty could allow for this matter to be disposed of in a single salvage award hearing rather than though interim salvage awards. However, given that there is no timetable for implementation, the court cannot hold up its docket indefinitely awaiting legislation implementing the international agreement.

peals only from orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions," or under 28 U.S.C. § 1292(a)(3), which authorizes appeals from interlocutory orders "determining the rights and liabilities of the parties to admiralty cases." Further, it is not clear that an appeal would be authorized by either provision. *See R.M.S. Titanic, Inc. v. The Wrecked and Abandoned Vessel, believed to be the R.M.S. Titanic,* 286 F.3d 194, 200–01 (4th Cir.2002) (finding appellate jurisdiction over one of plaintiff's prior appeals under § 1292(a)(1) and leaving open the question whether that appeal would have been authorized under § 1292(a)(3)).

If the court of appeals determines that plaintiff's current interlocutory appeal is properly before it, this court still has the authority to move forward with the pending motions in this case. *See Columbus–America Discovery Group v. Atl. Mut. Ins. Co.,* 203 F.3d 291, 301 (4th Cir.2000) ("This is an interlocutory appeal in an admiralty case under 28 U.S.C. § 1292(a)(3). Such appeals decide only the matters which have been decided by the district court, and as with other interlocutory appeals under § 1292, the trial court has authority to pursue its own proceedings filed when a § 1292(a)(3) appeal is pending."). Thus, contrary to plaintiff's assertions, the filing of an interlocutory appeal does not divest the district court of jurisdiction. *Id.* at 301–02 (quoting *Ex Parte Nat. Enameling & Stamping Co.,* 201 U.S. 156, 162, 26 S.Ct. 404, 50 L.Ed. 707 (1906)). Rather, it is within this court's discretion whether to stay the proceedings while the interlocutory appeal is pending. *See id.*

A stay during the entire period of the appeal may have the potential to unnecessarily prolong these already unduly lengthy proceedings.[2] If the court of appeals finds that it has jurisdiction over plaintiff's interlocutory appeal, but it appears to this court that a continued stay would unnecessarily impede progress towards the resolution of this matter, the court may reconsider its discretionary decision to grant a stay at that time.

■ Finally, plaintiff's argument that a medical emergency requires a continuance of the October 18, 2004 salvage award hearing is premature. It appears from plaintiff's filings that the expert appraiser it currently has retained to evaluate the value of the Titanic artifacts, Paul Zerler, was diagnosed with Parkinson's disease in 2003. In addition, Zerler has recently undergone surgery on his left kidney from which he is recovering. According to affidavits filed by plaintiff, the veracity of which this court does not doubt, the confluence of these medical conditions renders Mr. Zerler unable to complete his appraisal of the artifacts and unable to testify at the salvage award hearing. Nevertheless, that hearing is scheduled to take place beginning October 18, 2004, and it is presently July. Plaintiff should have more than adequate time prior to the hearing to retain a new expert who can conduct his or her own appraisal of the Titanic artifacts and testify on plaintiff's behalf at the salvage award hearing. There is simply no cause for a continuance on the basis of a medical emergency this long before the scheduled date of the hearing.

Accordingly, for the reasons set forth above, plaintiff's motion for a stay is **GRANTED**. The court reserves the right to reconsider this stay upon the Fourth Circuit's determination whether to accept jurisdiction, and on what terms, of the

---

**2.** Moreover, the salvage award hearing itself is scheduled to take over one week to complete, and the continued scheduling and re-

scheduling of such an extended proceeding is problematic given the court's extensive docket.

interlocutory appeal. The Clerk is **DIRECTED** to mail a copy of this Order to counsel for the plaintiff, the Assistant United States Attorney, and the Clerk of the Fourth Circuit Court of Appeals.

**IT IS SO ORDERED.**