# United States Court of Appeals
## For the First Circuit

No. 10-2415

CONTOUR DESIGN, INC.,

Plaintiff, Appellee,

v.

CHANCE MOLD STEEL COMPANY, LTD.,
a/k/a Chance Mold Company Ltd.;
EKTOUCH COMPANY, LTD.,

Defendants, Appellants.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph N. Laplante, U.S. District Judge]


Before

Lynch, Chief Judge,

Boudin and Howard, Circuit Judges.


Thomas J. Moore with whom Bacon & Thomas, PLLC, Peter G. Callaghan and Preti Flaherty Beliveau Pachios PLLP were on brief for appellants.
Jordan L. Hirsch with whom Michael J. Summersgill and Wilmer Cutler Pickering Hale and Dorr LLP were on brief for appellee.


August 11, 2011

**BOUDIN**, **Circuit Judge**. This is an interlocutory appeal from a district court order preliminarily enjoining defendants-appellants Chance Mold Steel Company, Ltd. and EKTouch Company, Ltd. ("Chance") from selling computer mouse products similar to or derived from those made by plaintiff-appellee Contour Design, Inc. ("Contour"). Because a merits trial has now been held and the preliminary injunction will shortly be superceded, only brief discussion is required.

Contour designs, manufactures, and sells ergonomic computer mice. In 1995, Contour contracted with Chance to manufacture its products in bulk. Contour's founder, Steven Wang, chose Chance based on assurances that Chance would keep Contour's product design information secret. The parties formalized that understanding in a non-disclosure agreement ("NDA") dated June 15, 1995, which has a term of 20 years.

After identifying the "Product" as inventions, designs, methods and related information concerning computer mouse products, Section 1 of the NDA precludes Chance from disclosing, using, or copying Contour's "Confidential Information," and Section 3 of the NDA further prevents Chance from duplicating, producing, manufacturing, or otherwise commercially exploiting the Product, or developing other products derived from the Product.

For almost 15 years, Chance manufactured different computer mouse products for Contour and kept confidential all of

Contour's product information, but, in 2009, Chance began to make near copies of two Contour mice and concedes that it used Contour's production tooling to make them. Contour then filed suit against Chance in federal district court in New Hampshire charging Chance with violating the New Hampshire Uniform Trade Secrets Act, N.H. Rev. Stat. Ann. § 350-B:1 to -B:9 (2011), and with breach of contract.

In November 2010, after an evidentiary hearing, the district court adopted a magistrate judge's report and recommendation and entered a preliminary injunction against Chance. Among other things, Chance was ordered to stop producing the two mice or any other products derived from the two Contour mice from which the Chance counterparts had been derived. Chance appealed from the preliminary injunction and this court heard argument.

Following argument, the panel concluded at semble that Contour had adequately shown that it was likely to prevail on the merits and that the other familiar considerations--irreparable injury, the equities and the public interest, Naser Jewelers, Inc. v. City of Concord, 513 F.3d 27, 32 (1st Cir. 2008)--were consistent with relief. However, because a trial was scheduled to be held, the court made no announcement, expecting that the preliminary injunction would be supplanted by a final injunction and other possible relief. See, e.g., Smith v. Ill. Bell Tel. Co.,

270 U.S. 587, 588-89 (1926); In re Estate of Ferdinand Marcos Human Rights Litig., 94 F.3d 539, 544 (9th Cir. 1996) (collecting cases).

On May 24, 2011, after a six-day trial, a jury found that Chance had misappropriated Contour's trade secrets and breached the NDA, awarding $7.7 million in damages. At present, there are post-trial matters pending in the district court and a permanent injunction has yet to be framed. However, the district court may be awaiting disposition of this appeal before entering final judgment including a permanent injunction.

Because copying of Contour's mice was more or less conceded, the principal issues raised by Chance on this appeal concerned the validity and breadth of the NDA. Chance urged, in particular, that what was protected under the NDA was unclear, that the agreement was too vague to be enforced, and that in all events the NDA should be read to protect only the Contour mice in existence in 1995 and not those that Contour created afterwards and asked Chance to produce for Contour.

But to the extent that the NDA's bare language might be viewed as ambiguous, the district court was entitled to consider the contract as a whole and any extrinsic evidence that might cast light on the parties' mutual intent. See, e.g., Birch Broad., Inc. v. Capitol Broad. Corp., 13 A.3d 224, 228 (N.H. 2010). At the time of the preliminary injunction, Contour had pointed to various circumstances supporting its position, including the duration of

the NDA--hardly consistent with protecting only an existing product--and extrinsic evidence of discussions between the parties.

There is no reason to describe in detail that evidence which may have taken a different form at trial, nor to consider in detail a patent license provided by Contour to a Swedish company and now relied on by Chance.[1]  It is enough that what Contour identified in the preliminary injunction phase of the case amply supported the district court's decision to grant preliminary relief--a decision that now appears to be vindicated by the jury's verdict.  Based on the then-existing record, the relief was entirely proper.

It may be helpful to make clear for the benefit of future controversies that the district court was free, and would remain free even without this affirmance or leave from us, to enter a permanent injunction based on the trial record while the original appeal remained pending.  True, once an appeal has been taken, a district court ordinarily may not alter the judgment under review, without leave of the appellate court. Fed. R. Civ. P. 62.1; Puerto

_____

[1]In May 2009, Contour apparently settled a patent dispute with the Swedish company and licensed it to make, or have made, Contour mice of the type copied by Chance.  Chance in turn began to supply Chance's knock-offs to the Swedish company. Whatever protection Chance might collaterally derive from the license (e.g. from a patent infringement suit)--which we do not decide--nothing indicates that it would free Chance from the NDA restrictions invoked in this case.

Rico v. SS Zoe Colocotroni, 601 F.2d 39, 42 (1st Cir. 1979); cf. Fed. R. Civ. P. 62(c) (contemplating limited exceptions).

However, in most respects and absent a stay, further proceedings in the same controversy often may continue in the district court while an appeal in an earlier phase is pending. See Ex parte Nat'l Enameling & Stamping Co., 201 U.S. 156, 162 (1906) ("The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered."). To conduct a trial and grant or deny a permanent injunction based on that trial is standard practice. See Ry. Labor Execs. Ass'n v. City of Galveston, 898 F.2d 481 (5th Cir. 1990).

> An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending. . . . The only restriction on the trial court's power occurs if the appellate court enters an order staying the lower court until the appeal has been completed.

11A Wright & Miller, Federal Practice and Procedure § 2962, at 438-39 (2d ed. 1995); accord Janousek v. Doyle, 313 F.2d 916, 920 (8th Cir. 1963).

As for appellate courts, there is no fixed rule as to whether and when it makes sense to press ahead while the district court acts. Sometimes, where the preliminary relief granted is doubtful or resolving a pure issue of law may help with jury

-6-

instructions, a prompt appellate decision on the preliminary injunction may be important; in other cases, sometimes not. Either way, the district court is free to carry forward and order permanent relief after the merits are resolved.

Affirmed.