**WATCHTOWER BIBLE TRACT SOCIETY OF NEW YORK, INC., et al., Plaintiffs,**

v.

**MUNICIPALITY OF SANTA ISABEL, et al., Defendants.**

Civil No. 04–1452 (GAG).

United States District Court, D. Puerto Rico.

Oct. 23, 2013.

Nora Vargas—Acosta, San Juan, PR, Paul D. Polidoro, Watchtower Bible & Tract Society of New York, Inc., Patterson, NY, for Plaintiffs.

Luis A. Rodriguez—Munoz, Eduardo A. Vera—Ramirez, Landron & Vera LLP, Guaynabo, PR, for Defendants.

## ORDER

GUSTAVO A. GELPÍ, District Judge.

On March 21, 2013, the court entered an amended partial judgment (the "Judgment") regarding unmanned urbanizations. (Docket No. 978, 2013 WL 1856331.) The Judgment included various orders pertaining to Plaintiffs' ability to access unmanned urbanizations as well as a compliance deadline of April 17, 2013. (*See id.*) The Municipal Defendants would be fined $100 per day of noncompliance beyond the April 17 deadline. (*See id.*) On the day of the deadline, the court ordered the Municipal Defendants to certify to the court that full compliance had been met no later than April 23, 2013. (*See* Docket No. 993, 2013 WL 1856335.) The court reiterated its decision to fine each Municipality that failed to fully comply with its order. The court stated:

> For the sake of clarity, the court states it is the responsibility of the municipality to ensure and enforce this directive. The municipality must open, and keep open, any gate to an unmanned urbanization that is not in compliance with this order. Failure of the municipal defendants to comply with this order, as stated previously by the court (Docket No. 978), will result in a fine of $100 per day that the municipality is not in compliance and may be found in contempt of court.

(Docket No. 993.) Numerous times thereafter, the court reminded various Municipal Defendants that for each day of delay, the court would impose the $100 per day fine. (*See e.g.*, Docket Nos. 1091, 1104 & 1118.) It simply cannot be argued that any Municipal Defendant was unaware of the $100 per day sanction. Plaintiffs filed a motion seeking the imposition of these sanctions against the Municipal Defendants. Bayamon, Dorado, Gurabo, Guaynabo, Ponce and Trujillo Alto oppose Plaintiffs' request. (*See* Docket Nos. 1239, 1240, 1243, 1251, 1257 & 1258.) Some Municipal Defendants facing sanctions argue they acted in good-faith or were unable to comply with the court's orders in a timely fashion, and therefore should not be sanctioned. The court finds no merit in these arguments and imposes the sanctions as directed below.

1) **Bayamon** failed to meet the April 17, 2013 deadline. Initially, Bayamon informed the court of its compliance, but the court repeatedly held Bayamon's compliance to be partial. (*See* Docket Nos. 1043 & 1051.) Bayamon finally informed the court of full compliance on May 7, 2013 (Docket No. 1079), which the court affirmed the following day (Docket No. 1090). **Nineteen days** elapsed between April 17 and May 7; therefore, the court imposes a sanction of **$1,900** against the Municipality of Bayamon.

2) **Caguas** originally filed their notice of compliance on April 23, 2013. (Docket No. 1001.) One question remained regarding access to Parque de Tesoro (Docket No. 1027), but was resolved after Caguas provided the court with documentation (Docket No. 1109). The court recognized this urbanization was dedicated under the Condominium Law on May 21, 2013, and held Caguas had complied with court deadlines in a timely fashion. (Docket No. 1141.) **Therefore, the court does not impose any sanctions against the Municipality of Caguas.**

3) **Dorado** filed its original motion in compliance on April 23, 2013 (Docket No. 1004); however, the Municipality argued there were a number of private roads within its bounds, which the court ordered opened (*see* Docket No. 1019). Additionally, the Munici-

pality failed to deliver access to all unmanned urbanizations. (*See* Docket Nos. 1025 & 1063.) Dorado informed the court it reached full compliance on May 2, 2013 (Docket No. 1063) and the court agreed. The issue as to the Dorado Country Club is presently pending before of the Puerto Rico Supreme Court. (*See* Docket No. 1173.) Plaintiffs concede Dorado should not be sanctioned for the pendency of this certification. As such, Dorado reached full compliance on May 2, 2013, **fourteen days late,** accruing a fine of **$1,400.**

4) **Guaynabo** encountered serious issues complying with the courts orders. The first attempt at compliance was on April 23, 2013, but the motion sought an extension of time to fully comply, which the court denied. (*See* Docket Nos. 1006 & 1014.) The court ordered the Municipality to open all non-complying gates, an order ignored by the Municipality. (*See* Docket Nos. 1014, 1037, 1039, 1043, 1060, 1066, 1083, 1118, 1146, 1179 & 1184.) The court noted the parties' joint motion dated July 15 agreeing that Guaynabo reached full compliance. (Docket Nos. 1205 & 1206.) As such, Guaynabo was **eighty-eight days late** in complying with the court's orders and accrued **$8,800 in fines.**

5) **Gurabo** encountered a few problems when it argued there were urbanizations that contained private roads. (*See* Docket Nos. 1002 & 1018.) As of May 1, 2013, only two urbanizations remained closed to Plaintiffs. (*See* Docket No. 1056.) Gurabo quickly fixed this issue and informed the court of its full compliance on May 2, 2013 (Docket No. 1058), which the court noted (Docket No. 1062).

Therefore, Gurabo was **fourteen days late,** accruing a fine of **$1,400.**

6) **Ponce** had the most difficult time of all Municipal Defendants in attempting to comply with the court's orders. The court previously outlined these issues in depth and need not reiterate them here. (*See* Docket No. 1180 (summarizing Ponce's noncompliance).) Ponce was deemed in full compliance on August 12, 2013. (Docket No. 1222.) As of this date, Ponce was **116 days late,** accruing a fine of **$11,600.** Additionally, Ponce was held in violation of court orders for its repeated and staggering noncompliance with court orders. (*See* Docket No. 959 at 3.) This sanction of $2,500 was held in abeyance until further court order. (*See id.*) Due to Ponce's failure to comply with subsequent court deadlines, the court imposed these fines during the hearing held July 9, 2013. (*See* Docket Nos. 1199 & 1200.) This sanction is hereby assessed that this time, bringing Ponce's total fine to **$14,100.**

7) **San Juan owes no fines.** San Juan complied with the court's orders in a motion on April 23, 2013, that was promptly clarified the following day. (*See* Docket Nos. 1003 & 1011.) The court notes that Watchtower has placed two booths across the Old San Juan Federal courthouse to discuss Jehovas' Witnesses' beliefs with the public and hand out letters and books. **Plaintiffs have successfully preached their faith on San Juan's public streets without bringing civilization to a grinding halt.**

8) **Trujillo Alto** has one issue that remains open regarding the dedication of property to the Condominium Law. (*See* Docket No. 1234.) However, Plaintiffs argue that Trujillo Alto

should only be penalized up until the time it took it to produce the deed in its original Spanish. (*See* Docket No. 1237.) That occurred on June 5, 2013. (Docket No. 1168.) The court finds this appropriate. Trujillo Alto only produced the deed after much litigation and effort. Therefore, the court finds Trujillo Alto was **48 days** late accruing a fine of **$4,800.**

■ Various Municipal Defendants raise arguments that the court wishes to clarify. The Municipality of Bayamon argues that the imposition of sanctions must await a determination of liability as to the violation of Plaintiffs' constitutional rights. (*See* Docket No. 1240 ¶ 5.) Bayamon's argument is incorrect. The sanctions are a direct result of Defendants' failure to comply with court orders. In no way do these sanctions constitute an imposition of liability.

■ Another argument pertains to the pendency of issues before the Court of Appeals for the First Circuit and the certification before the Puerto Rico Supreme Court. (*See* Docket Nos. 1240 ¶ 3; 1243 at 7.) The court does not agree that sanctions cannot be levied until resolution of these issues. As previously stated, the sanctions imposed are a direct result of Defendants' failure to fully comply with orders issued by the court. The pendency of an issue on appeal does not render court orders ineffective or automatically stay the proceedings.[1] The Municipal Defendants have the responsibility to comply with all court orders, regardless of any appeal.

Guaynabo argues that the large amount of urbanizations within its borders made its full compliance more difficult than other municipalities with fewer urbanizations. (*See* Docket No. 1239 at 3.) However, the Municipalities of San Juan and Caguas reached full compliance in a timely manner, despite containing a large amount of urbanizations. San Juan and Caguas' timely compliance renders Guaynabo's argument meritless. Furthermore, the court recognizes San Juan's timely compliance even while undergoing a change in administration, following the November 2012 elections. The court is aware and appreciative of the effort of both the past and the present administrations of San Juan, which is the largest municipality in Puerto Rico, as well as that of Caguas which is also one of the largest municipalities as well.

One pernicious argument by Guaynabo must also be addressed. In its opposition to the imposition of these sanctions, Guaynabo argues that Plaintiffs' motive for seeking these sanctions was their own economic benefit. Specifically, Guaynabo states Plaintiffs' motive for enforcing the sanctions should be questioned because, "they knew they would economically benefit[ ] from defendant's incompliance [sic]." (Docket No 1239 at 6.) This argument is totally inappropriate. To date, Plaintiffs have not sought monetary gain through this litigation. Plaintiffs have sought to recoup their costs and expenses derived from this litigation, but not financial gain. (*See* Docket No. 49.) At no point did the court state it would award these sanctions

---

1. *See* Fed.R.Civ.P. 62(a); Fed. R.App. P. 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."). "[I]n most respects and absent a stay, further proceedings in the same controversy often may continue in the district court while an appeal in an earlier phase is pending. 'The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered.' " *Contour Design Inc. v. Chance Mold Steel Co.*, 649 F.3d 31 (1st Cir.2011) (citing *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162, 26 S.Ct. 404, 50 L.Ed. 707 (1906)).

to Plaintiffs. At no time have Plaintiffs asked the court to award them these sanctions. To intimate otherwise is an attempt to mislead the court. It is not the parties', but the court's power to designate the receiver of these monies. Therefore, the court finds no merit in Guaynabo's argument that Plaintiffs acted in bad-faith for economic gain.

As to the destination of the monetary sanctions, each Municipal Defendant shall deposit the sum stated above into an escrow account. This money must be set aside from the general budget and used only as ordered by this court. The Municipal Defendants, excluding Caguas and San Juan, shall file an informative motion stating the funds have been deposited in such an account no later than **November 22, 2013.** As first mentioned in the July 9, 2013 show cause hearing, the funds will be used to administer legal seminars regarding the implementation of the Control Access Law. These seminars will be offered to all Municipalities, their officers and representatives of urbanizations, and paid from sanctions at a pro rata basis. San Juan and Caguas will be invited *free of cost,* given that they fully and timely complied with the court's directives. Legal representatives from all Municipal Defendants must attend and others are encouraged to participate in the program. The court shall appoint the instructor, date and time once the funds have been deposited in the escrow accounts.

For the aforementioned reasons, the court **GRANTS** Plaintiffs' motion requesting implementation of sanctions at Docket No. 1237.

**SO ORDERED.**

