In the Matter of the **TORRINGTON COM-PANY, Inc., Plaintiff,**

v.

**METAL PRODUCTS WORKERS UNION LOCAL 1645, UAW-AFL-CIO and International Union, UAW-AFL-CIO, Defendants.**

**Civ. No. 10697.**

United States District Court
D. Connecticut.
Jan. 20, 1965.

William J. Larkin, II, Waterbury, Conn., J. S. Siegel, Hartford, Conn., for plaintiff.

Jerome S. Rubenstein, New York City, for defendants.

ZAMPANO, District Judge.

In this action plaintiff seeks a declaratory judgment holding three industrial grievances not arbitrable under the collective bargaining agreement between it and the defendant Union Local 1645. Jurisdiction of the Court is predicated upon Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

Defendants now move for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for an order to compel arbitration of the disputes.

On January 18, 1964 the parties, after an extended strike, executed a new collective bargaining agreement which contained a multi-step grievance procedure to resolve disputes between the company and the union "in regard to wages, hours, and working conditions, or in regard to the interpretation or application of any of the provisions of this agreement." Three steps are established for negotiation of a dispute and, if the matter is not adjusted, the grievance may be presented for arbitration.[1]

1.

"ARTICLE IV
"Grievance Procedure
"SECTION 1.
"Any dispute or question in regard to wages, hours, and working conditions, or in regard to the interpretation or application of any of the provisions of this agreement, shall be subject to the following grievance procedure: * * *

"ARTICLE V
"Arbitration
"SECTION 1.
"If a grievance is not settled after it has been processed through the three (3) steps described in Article IV above, and if it is a grievance with respect to the interpretation or application of any provisions in this contract and is not controlled by Section 1 of Article XIV, (Management) it may be submitted to arbitration in the manner herein provided."

In February and June, 1964 the union filed three grievances, pursuant to the provisions of the agreement, on behalf of employees Lassiter, Kuehl and Latina.

The Lassiter and Kuehl grievances were processed through the three negotiation steps without being resolved and, in accord with the contractual procedure, the disputes were referred to arbitration. To this point of the proceedings the issues were joined on the merits of the complaints as to whether the company had violated the "seniority clauses" of the contract in failing to recall Lassiter "back to work first" and in failing to place Mrs. Kuehl in a job held by an employee with less seniority than she. The Latina dispute was pressed through two steps of the grievance procedure, and, as in the Lassiter and Kuehl grievances, the company contested the claim on the merits. Only after the Lassiter and Kuehl grievances were referred to arbitration and the Latina grievance had been through two steps of the grievance procedure did the company assert its claim of non-arbitrability by filing this declaratory judgment action.

While the aforementioned grievances were being processed through the contractual procedures, the company and the union were arbitrating the grievance of one Michael Chiarito concerning his right to return to work after the strike. On July 26, 1964, the company's position that the issue was not arbitrable was sustained by the arbitrator. Its success in the Chiarito case prompted the company to raise the defense of non-arbitrability in the Lassiter, Kuehl and Latina matters. There is now pending before Chief Judge Timbers the union's petition to vacate the arbitrator's award in the Chiarito case, Metal Products Workers Union Local 1645 UAW-CIO v. The Torrington Company, Civil Action No. 10624, D. Conn.

In the instant case the union contends the grievances concern the "seniority clauses" of the agreement, not the method for recall from strike, and, even assuming recall is at issue, arbitration should be compelled. In opposition the company alleges an independent oral agreement between the parties, entered into after the collective bargaining agreement was executed on January 18, 1964, governs the return to work of employees after the strike. This collateral agreement, argues the company, did not provide for arbitration and, since it superseded the written agreement, controls the grievances presented here. The pleadings and affidavits raise factual questions as to the existence, scope and effect of such an oral agreement.

Ordinarily, summary judgment is barred if there is a material question of fact affecting the merits of a case. Doehler Metal Furniture Company v. United States, 149 F.2d 130, 135 (2 Cir. 1945). Here, however, assuming factual issues exist, the question posed is whether this Court should resolve the factual claims of the parties by taking further evidence or refer the entire controversy to arbitration for determination.

Initially we note the Supreme Court has cautioned, in the absence of an express provision in the collective bargaining agreement excluding a particular grievance from arbitration, "only the most forceful evidence" of a purpose to exclude the claim from arbitration can prevail. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584–585, 80 S.Ct. 1347, 4 L.Ed. 2d 1409 (1960). See also, United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 568, 80 S. Ct. 1343, 4 L.Ed.2d 1403 (1960); and United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Here the written agreement contains no express provision excluding the three subject grievances from arbitration. Therefore, only presentation of the "most forceful evidence" that the written contract has been abrogated or amended by a subsequent agreement between the parties can prevent arbitration in the instant case.

The company contends evidence of an alleged strike settlement agreement should be received for the purpose of

proving, 1) an intent to exclude recall from strike grievances from the arbitration provisions of the bargaining agreement, and, 2) that these grievances in substance involve recall from strike, not employee seniority privileges. While the recent action by the Supreme Court of the United States in affirming per curiam, by equally divided Court, Independent Petroleum Workers v. American Oil Co., 324 F.2d 903 (7 Cir. 1963), Independent Petroleum Workers v. American Oil Co., 85 S.Ct. 271 (1964) ostensibly approves such fact-finding procedure, the instant case in any event is distinguishable, and taking testimony is here inappropriate. In the Independent Petroleum Workers case, supra, the Court received evidence of bargaining history of the parties on the issue of whether or not a certain industrial dispute had been excluded from the bargaining agreement. However, unlike the present action, there was no dispute as to the nature and substance of the grievance itself. Additionally, in Independent Petroleum Workers, supra, not only was the union denied summary judgment and an order to compel arbitration on grounds of collateral estoppel, but also the arbitration clause involved in that case differed materially from the one presently litigated.

A review of the more pertinent authorities indicates, under circumstances where the provisions of the collective bargaining agreement clearly may encompass the grievances, contentions against arbitrability should be resolved in arbitration and not by the Court. In Local 12298, Dist. 50, United Mine Workers v. Bridgeport Gas Co., 328 F.2d 381 (2 Cir. 1964), the Court ordered arbitration in circumstances where the union claimed certain provisions of the collective bargaining agreement had been contravened by the company, and the company claimed the provisions were inapplicable to the dispute. The majority opinion inferentially rejects the proposition that the lower court take testimony or conduct a trial to determine factual issues bearing on the question of arbitrability. See Moore, J., (dissenting), 328 F.2d 384–386.

In A. S. Abell Co. v. Baltimore Typographical Union, 338 F.2d 190 (4 Cir. 1964), the Court held any "forceful evidence" the union had concerning "whether the controversy is subject to arbitration" should be presented to the Board of Arbitration and not the district court. See also, International Union, United Auto, A., & A. I. Workers v. Daniel Radiator Corp., 328 F.2d 614 (5 Cir. 1964); International Union, United Auto, A., & A. I. Workers v. Cardwell Manufacturing Co., 304 F.2d 801 (10 Cir. 1962); and International Ass'n of Machinists, Lodge 1652 v. International Aircraft Services Inc., 302 F.2d 808 (4 Cir. 1962).

Here the union's claim regarding seniority provisions in the contract presents a disputed question which calls for a construction of the substantive provisions of the contract—a matter the parties themselves expressly committed to arbitration.

Accordingly, defendants' motion for summary judgment is granted. Settle order on notice.