The **TORRINGTON COMPANY, Inc.,**
Plaintiff-Appellant,

v.

**METAL PRODUCTS WORKERS UNION
LOCAL 1645, UAW–AFL–CIO, and In-
ternational Union UAW–AFL–CIO,** De-
fendants-Appellees.

No. 467, Docket 29581.

United States Court of Appeals
Second Circuit.

Argued May 4, 1965.

Decided June 24, 1965.

Jay S. Siegel, Hartford, Conn. (Wil-
liam J. Larkin, 2d, Waterbury, Conn.,
and C. E. Harwood, Torrington, Conn.,
on the brief), for appellant.

Jerome S. Rubenstein, Rubenstein &
Rubenstein, New York City (Richard E.
Miller, New York City, of counsel), for
appellees.

Before MOORE, SMITH and HAYS,
Circuit Judges.

## 94

HAYS, Circuit Judge.

In this action plaintiff sought a declaratory judgment that three grievances on which defendants demanded arbitration were not arbitrable. The district court granted a motion by the defendants for summary judgment and for an order compelling arbitration of the grievances. 237 F.Supp. 139 (D.Conn.1965). In its order the district court "found" (but did not "order") that "all the disputes between the parties, including the existence, scope and effect of [an] * * * alleged independent oral agreement [between them] should be resolved in arbitration rather than by this Court." Since arbitration with respect to the oral agreement was not sought by either party and since both parties appeal from that part of the order which grants this relief, we will disregard the "finding" as mere surplusage.

The plaintiff appeals from all parts of the district court's order. The defendants cross-appeal, not only from the "finding" which we have decided to disregard, but also from the denial of defendants' motions to strike certain parts of the plaintiff's affidavits and from the failure "to declare, that under the parties' collective bargaining agreement, any grievance that is not explicitly excluded from arbitration by a written provision of the agreement is subject to arbitration on the merits."

We reverse the order granting summary judgment for the defendants and compelling arbitration of the defendants' grievances. We dismiss the defendants' cross-appeal on the ground that the points raised are not appealable.

The present controversy arises out of a sixteen week strike at the plaintiff's plant. On January 18, 1964, the plaintiff, (Company) and the defendant Local Union (Union) entered into a collective bargaining agreement and terminated the strike. At that time there were approximately 2000 employees of the Company on strike. One of the problems facing the parties in their task of restoring the plant to its normal operations was the order of recall of employees. According to the Company's affidavits the Union proposed that the procedures provided by the new collective bargaining agreement for recall from layoff be applied to the return of the strikers. The Company rejected this proposal. The Company says that the Union then proposed that the Company permit all strikers to return to work and then lay off the unneeded employees in accordance with the seniority provisions of the collective bargaining agreement. The Company also rejected this proposal. The Company maintains that it and the Union thereupon agreed that the Company was to recall strikers in accordance with production requirements and without regard to any of the provisions of the new collective bargaining agreement. This agreement, says the Company, contained no provision for the arbitration of disputes arising under it. The Union denies that any such special agreement for the return of strikers was ever entered into.

At various times within a few weeks after the end of the strike, the Union filed three grievances. Each of the grievances had to do with the recall of a striking employee. The parties followed the contractual procedure for the adjustment of grievances but failed to adjust these controversies in the course of that procedure. The Union then demanded arbitration. The Company declined to arbitrate, claiming that it was under no duty to arbitrate controversies over recall of strikers. The Union's position is that the arbitration provisions of the collective agreement are applicable.

The relevant parts of the collective bargaining agreement are:

"ARTICLE IV

Grievance Procedure

Section 1.

Any dispute or question in regard to wages, hours, and working conditions, or in regard to the interpretation or application of any of the provisions of this agreement, shall be subject to the following grievance procedure: * * *

ARTICLE V

Arbitration

Section 1.

If a grievance is not settled after it has been processed through the three (3) steps described in Article IV above, and if it is a grievance with respect to the interpretation or application of any provisions in this contract and is not controlled by Section 1 of Article XIV, (Management) it may be submitted to arbitration in the manner herein provided.

\* \* \* \* \* "

█ It is obvious that on their face the provisions of the collective bargaining agreement do not purport to provide for arbitration of controversies arising out of recall of strikers. Such controversies may be subject to the grievance procedure, for that provides for using the grievance procedure for any dispute or question in regard to wages, hours, and working conditions. But the arbitration procedure is much more circumscribed. Only if a grievance is not settled in the grievance procedure "*and* if it is a grievance with respect to the interpretation or application of any provisions in this contract" (emphasis supplied) is it subject to arbitration.

Controversies concerning recall to work after a strike are not prima facie, at any rate, grievances "with respect to the interpretation or application" of any of the provisions of the usual collective bargaining agreement. And the collective bargaining agreement between the parties to the present case contains no provisions which expressly relate to the recall of strikers. Provisions of the collective bargaining agreement are not directly relevant to recall of strikers. In order to apply them to this situation for which they were not designed they must be adapted or selected by analogy. If, therefore, the collective bargaining agreement, including the arbitration clause, is applicable to the recall grievances it must be because there is some special agreement making it applicable or because of some custom or common understanding which has that effect.

The Company claims that there was indeed a special agreement between the parties, but that the effect of this agreement was to provide for recall of strikers in a manner quite different from that which would be applied under an adapted version of analogous provisions of the collective bargaining agreement.

█ The foregoing analysis of the claims of the parties makes it quite clear that there are disputed issues of fact and that summary judgment is therefore inappropriate.

The only remaining question is to whom the resolution of the factual issues should be assigned—court or arbitrator. It would be possible to assign to an arbitrator the duty of deciding first this issue of arbitrability and, if he should decide that issue in favor of arbitrability, then the further duty of deciding the grievances. This is probably what the lower court had in mind when it made its "finding" that the issue of whether there was a special agreement as claimed by the Company "should" be resolved in arbitration. In the case of another similar grievance which arose a short time before the present grievances the parties themselves voluntarily submitted this very question of arbitrability to an arbitrator who resolved it in favor of the Company, i. e., found that the issue was not arbitrable.[1]

█ But, although the parties may voluntarily submit arbitrability to an arbitrator, they cannot be forced to do so.

"[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); see Procter & Gamble Independent Union v. Procter & Gamble Mfg. Co., 312 F.2d 181, 184 (2d Cir. 1962), cert. denied, 374 U.S.

---

1. The award was upheld against a motion to vacate in Metal Prods. Workers Union

Local 1645, UAW–AFL–CIO v. Torrington Co., 242 F.Supp. 813 (D.Conn.1965).

830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963).

■ Moreover, one who claims that there is an agreement to leave arbitrability to the determination of an arbitrator "must bear the burden of a clear demonstration of that purpose." United Steelworkers of America v. Warrior & Gulf Nav. Co., supra, 363 U.S. at 583 n. 7, 80 S.Ct. at 1353.

■ The cases make it quite clear that the question whether the parties have agreed to submit a given dispute to arbitration is a question for the courts.

"Under our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties." Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962).

■ Of course the question of whether or not there is any such contract is also a question for the courts.

"The duty to arbitrate is wholly contractual and the courts have the obligation to determine whether there is a contract imposing such a duty." Procter & Gamble Independent Union v. Procter & Gamble Mfg. Co., supra, 312 F.2d at 184.

"[J]ust as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so *a fortiori*, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all." John Wiley & Sons v. Livingston, 376 U.S. 543, 547, 84 S.Ct. 909, 913, 11 L.Ed.2d 898 (1964).

■ In the present case it is the duty of the district court to determine whether the parties ever entered into any agreement to arbitrate the grievances submitted by the Union. In order to do this it will be necessary to consider whether, as the Union claims, there was an agreement, express or implied, that disputes over recall of strikers should be governed by the arbitration provisions of the collective bargaining agreement and by the substantive provisions of that agreement so adapted or analogized as to be appropriate to the purpose or whether, as the Company claims, there was an agreement relating only to recall of strikers and not providing for arbitration.

The judgment is reversed and the case remanded for trial.