**GENERAL TELEPHONE COMPANY OF CALIFORNIA, Appellant,**

**v.**

**COMMUNICATIONS WORKERS OF AMERICA, Appellee.**

No. 21931.

United States Court of Appeals
Ninth Circuit.

Oct. 21, 1968.

Richard C. White (argued), of O'Melveny & Myers, Los Angeles, Cal., for appellant.

Duane W. Anderson, (argued), San Francisco, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and KILKENNY, District Judge.

## PER CURIAM:

Appellant appeals from an order of the District Court directing it to arbitrate a dispute under a collective bargaining agreement between the parties.

The agreement applied only to wage earning employees. The phrase "wage earning employees" is defined to mean those persons on the payroll of the company whose remuneration is expressed in the form of hourly wages.

The dispute involves the discharge of a supervisor of appellant who, until September 1, 1964, was a wage earning employee. On that date, he was promoted to management with the rank of supervisor. He was discharged on February 4, 1965. Appellee concedes that the promotion was made in entire good faith. The company assigned, as grounds for dismissal, three acts of misconduct. At least one of the acts,[1] and probably two, occurred after the time the employee attained the rank of supervisor.

Both appellant and appellee rely on the legal philosophy expressed in Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957), and its offshoots, United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), as the latter were interpreted in Mike Hooks, Inc. v. Pena, 313 F.2d 696 (5th Cir. 1963) and Boeing Co. v. International Ass'n of Machinists & Aerospace Workers, 381 F.2d 119 (5th Cir. 1967). While these cases, and others, cited by the parties have some relevance, none are precisely in point. *Boeing* is closest. This case, using language from *Warrior & Gulf*, makes it clear that a party may not be compelled to submit to arbitration a dispute which it has not agreed to submit. In line with the statements in *Warrior & Gulf*, as fortified by Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962) and *Boeing*, supra, we hold that a party cannot be compelled to arbitrate a dispute which is outside the area encompassed by the arbitration agreement. Here, the agreement to arbitrate did not include disciplinary procedures against a supervisory employee for acts after he became part of management. As stated, at least one of the reasons given for the employee's discharge was in this category. The fact that another reason involved conduct prior to his elevation to management is of no significance. To hold otherwise, would be to rewrite the contract between the parties.

The judgment of the lower court is set aside and the cause remanded with instructions to dismiss.

---

1. (1) * * *
(2) For disloyalty on and after September 1, 1964, at which time the employee failed to advise the company that he had been subpoenaed to testify at the arbitration of the dismissal of another employee for strike misconduct, and
(3) For failure to advise the company that he had information concerning the arbitration case.