**LOCAL 464, AMERICAN BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION, AFL–CIO, Appellant,**

v.

**HERSHEY CHOCOLATE CORPORATION.**

No. 18545.

United States Court of Appeals, Third Circuit.

Argued Sept. 28, 1970.

Decided Nov. 18, 1970.

Bernard N. Katz, Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., for appellant.

Rod J. Pera, McNees, Wallace & Nurick, Harrisburg, Pa., J. Thomas Menaker, Gilbert Nurick, Harrisburg, Pa., for appellee.

Before GANEY, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This appeal presents the recurring question of what is arbitrable under the provisions of a collective bargaining agreement. Although the appellant Union has, on this appeal, attempted to enlarge the issue which was originally the subject of the arbitration demand, the sole question before the district court was whether the Union [1] may compel arbitration of the contention that it should be recognized by the Company [2] as the exclusive bargaining agent of one of the Company's wholly owned subsidiaries.

The Hershey Company had a bargaining agreement with the Union covering Hershey's employees. Reese, a separate corporation, was purchased by Hershey. The Union contends that the employees of Reese should be covered by the Hershey contract and argues that Hershey's failure to accord Union recognition to Reese's employees was a grievance properly arbitrable under Hershey's collective bargaining agreement.[3] The district

1. Local 464, American Bakery and Confectionery Workers International, AFL–CIO.

2. Hershey Foods Corporation, the new corporate name for Hershey Chocolate Corporation, the original defendant.

3. Set forth as Exhibit B of appellee's complaint is a letter from the Union's counsel:

[Y]ou may regard this letter as a formal request to accord coverage and recognition of the existing Hershey agreemnt to the Hershey-Reese employees and work. If * * * (Hershey) does not feel that such recognition is appropriate I assume that it would be in order to skip the lower echelons of the grievance procedure and proceed directly to either a meeting level or an impartial arbitrator.

court, 310 F.Supp. 1182, held that the matter was not arbitrable and dismissed the action.

We recognize that it is the province and responsibility of the federal courts to determine "whether the reluctant party has breached his promise to arbitrate," United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); there first must be a "judicial determination that the collective bargaining agreement does in fact create * * * a duty [for compulsory submission to arbitration]." John Wiley & Sons v. Livingston, 376 U.S. 543, 547, 84 S.Ct. 909, 913, 11 L.Ed.2d 898 (1964).

We have reviewed the provisions of the collective bargaining agreement and find no authority, explicit or implicit, which supports the contention that the Union's request for arbitration as contained in its statement of the grievance or as set forth in the prayer of its complaint,[4] is arbitrable.

The judgment of the district court will be affirmed.

Roy L. Malone, pro se.

Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

4. Wherefore, plaintiff prays the Honorable Court to issue an order directing Defendant to proceed to arbitration on the question of whether or not it is in violation of said agreement by not recognizing Plaintiff as the exclusive bargaining agent for the employees at the Reese operation and by applying the coverage of said operation.