**John COOK, as President of General Warehousemen's Union Local 852, I.B.T., Petitioner-Respondent,**

v.

**GRISTEDE BROS., a Division of the Southland Corporation, Respondent-Petitioner.**

**No. 72 Civ. 3701.**

United States District Court,
S. D. New York.

June 4, 1973.

Jack Last, New York City, for petitioner-respondent; J. Trubee Miller, Glen Cove, N. Y., of counsel.

Putney, Twombly, Hall & Hirson, New York City, for respondent-petitioner; Miles W. Hirson, James J. Dean, New York City, of counsel.

## OPINION

COOPER, District Judge.

The petition before us is for an order staying arbitration between ·Local 852, General Warehousemen's Union (hereafter the "Union"), petitioner herein, and respondent, Gristede Bros. (hereafter the "Company"). In addition, respondent has moved for leave to file a supplemental answer the resolution of which is dependent upon the merits of the petition itself. We deal with both hereinafter.

For the reasons set forth below, respondent's motion is denied and the petition for an order staying arbitration is granted.

The Union and the Company are parties to a collective bargaining agreement covering warehouse employees of the Company at its Bronx, New York, warehouse. The underlying dispute concerns whether or not the Company has the right to change its method of buying products and product lines. It is undisputed that the proposed change in operation would result in a permanent layoff of employees (represented by the Union) whose terms and conditions of employment are covered by the agreement. The issue before us is whether the dispute aforementioned is subject to compulsory arbitration under the agreement.

The Union, seeking to stay arbitration, contends that the arbitration clause is clearly and specifically limited in scope and should therefore not be extended by implication to cover the instant controversy. The Company contends that the federal labor policy favoring arbitration should govern and the dispute interpreted as falling within the purview of the arbitration clause, limited on its face though it may be. The Company focuses upon the broad no-strike, no-lockout clause of the agreement (Article XXIV) and contends that the arbitration clause must be mutually co-extensive therewith.

■ There is great wisdom in the strong federal policy promoting industrial peace through collective bargaining agreements. A major tool in achieving this objective is the grievance machinery established by the parties to resolve disputes as an integral part of the collective bargaining process. See the "Steelworkers Trilogy": United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). However, this machinery and its applicability to disputes must rest upon the consent of the parties as expressed in, or implied from, their agreement; it is not imposed by law. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Intn'l Union of Electrical Radio and Machine Workers v. Westinghouse Electric Corp., 218 F. Supp. 82 (S.D.N.Y.1963). In determining whether a grievance is arbitrable, the Court must not concern itself with the merits of the particular grievance. Where the relevant language of the agreement is unambigous and subject to only one interpretation the Court should not look to bargaining history as a source of contradictory evidence regarding the intent of the parties. United Steelworkers of America v. Warrior & Gulf Navigation Co., supra; Strauss v. Silvercup Bakeries, Inc., 353 F.2d 555 (2d Cir. 1965); United Mineworkers of America v. Bridgeport Gas Co., 328 F.2d 381. Our Judge Weinfeld put it plainly:

Its [the Court] sole inquiry is restricted to whether the parties did agree to arbitrate the grievance. The issue is to be decided within the framework of their collective bargain-

ing agreement. And when the parties have entered into a comprehensive arbitration provision, any challenge that a grievance is not intended to be covered thereunder must find support in unmistakably clear language of exclusion; arbitration of a particular dispute is to be ordered unless it may be said with positive assurance that it is excluded by the contract. Whatever doubts exist as to whether the grievance is within the ambit of the arbitral process are to be resolved in favor of coverage.

International Union of Electrical, Radio and Machine Workers v. Westinghouse Electric Corp., supra, 218 F.Supp. at 84.

No such comprehensive arbitration provision exists here. The agreement provides for arbitration solely and exclusively with respect to discharge of an employee for just cause. The resolution of no other contest or dispute is provided for thereunder. The exclusive provision reads as follows:

## ARTICLE XXIII

### DISCHARGE

(A) Any employee may be discharged by the Company for just cause.

(B) The Union may, not later than five (5) days after any discharge or suspension, discuss the reason for discharge with the Company.

(C) In case of failure to agree, both parties agree to refer the matter to the New York State Mediation Board for arbitration in accordance with the Board's procedures. The Arbitrator's decision shall be rendered as speedily possible, and shall be binding on both parties.

(D) The Arbitrator shall not have the power to arbitrate provisions of a new agreement, nor arbitrate and waive, in whole or in part, any present provisions of this Agreement, nor shall he have the power to add to, delete from, or modify any provisions of this Agreement.

■ Clearly, the above clause is specific, severely and strictly limited in scope and cannot be reasonably extended by implication to the aforementioned dispute. The term "just cause," though undefined in the agreement, is limited in the particular context to questions of employee misconduct and cannot reasonably be construed to include the instant dispute. The agreement contains no provision to arbitrate questions or grievances arising out of the terms of the agreement or any other general arbitration clause. In this respect the trilogy of Supreme Court cases, cited by the Company in support of its argument with respect to the federal labor policy favoring arbitration, is inapposite. In those cases the agreement there involved contained a general arbitration provision. See also Teamsters Local v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

■ To extend by implication a limited and specific agreement to arbitrate questions of employee discharge for cause so as to embrace a dispute involving the company's right to change its method of buying at a warehouse would be to recklessly misconstrue and torture the clear import of the agreement and rewrite its terms. While there is no express provision excluding this particular grievance or any other type of grievance from the arbitral process, the fact that the parties in unambiguous fashion expressed their intent by making specific provision for arbitration applicable only in a clearly defined area is evidence sufficiently forceful to declare their purpose to exclude other grievances therefrom. A matter is to be excluded when it is foreign to, and not included within, the language of the agreement limiting arbitration to a particular type of dispute. Boeing Co. v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 370 F.2d 969 (3d Cir. 1967); Local 464, American Bakery & C.W.I.U. v. Hershey Choc. Corp., 310 F.Supp. 1182 (M.D.Penn.1970), aff'd 433 F.2d 926 (3d

Cir. 1970); General Foam Corp. v. District So. United Mine Workers of America, 266 F.Supp. 249 (M.D.Pa.1967).

For all these reasons, the motion papers in support of an order permitting a supplemental answer fail to furnish new "material fact" as contended. We are constrained to and do deny the application on the merits. We are compelled to add that the application runs counter to the stipulation, entered into by the parties and filed with the Court, clearly excluding any and all applications and allowing only submission of memoranda of law before bringing to a close all papers for consideration on the petition.

So ordered.