**DISTRICT 2, MARINE ENGINEERS BENEFICIAL ASSOCIATION, AFL–CIO and Associated Maritime Officers, a Division of District 2, Marine Engineers Beneficial Association AFL–CIO, Plaintiffs,**

**v.**

**FALCON CARRIERS, INC., Defendant.**

**No. 74 Civ. 1452 (JMC).**

United States District Court,
S. D. New York.

April 22, 1974.

Joel C. Glanstein, New York City (Markowitz & Glanstein, New York City, of counsel), for plaintiffs.

Daniel J. Sullivan, New York City (Edwin E. McAmis, Lynn E. Cummingham and Martin S. Kaufman, Lovejoy, Wasson, Lundgren & Ashton, New York City, of counsel), for defendant.

## OPINION AND ORDER

CANNELLA, District Judge.

Defendant, by order to show cause, has applied for an order permanently staying arbitration on the issue of the existence and effect of an alleged oral "side agreement", and has further moved for an order, pursuant to Fed.R. Civ.P. 56(b), directing the entry of summary judgment in its favor dismissing plaintiff's claim to arbitrate this issue. The application for a permanent stay of arbitration is granted and the motion for summary judgment is denied.

The instant dispute arises out of an agreement entered into between the defendant, a shipowner, and the Military Sea Lift Command of the Navy (MSC), whereby defendant and MSC agreed to transfer the operation of four vessels, previously chartered to MSC on a consecutive voyage basis, pursuant to bareboat charters. The effect of this arrangement, as it relates to the plaintiff Unions, is that MSC would not operate the involved vessels with their present union crews, but, rather, would man them with civil service personnel.

Plaintiffs, when informed of these bare-boat charter agreements, demanded arbitration pursuant to the terms of the collective bargaining agreements entered into between plaintiffs and defendant. Specifically, plaintiffs sought the arbitration of three issues: (1) Severance pay, pursuant to Article II Section 9(A) of the Collective Bargaining Agreements; (2) Notice, pursuant to Article II Section 9(D) of the Collective Bargaining Agreements; and (3) Certain contractual obligations to maintain the involved vessels in continuous service and employ upon them members of plaintiff Unions, the alleged oral "side agreement".

In response to plaintiffs' demand, defendant agreed to arbitrate the claims relating to severance pay and notice, but objected to any arbitration concerning the alleged contractual obligations to maintain the vessels in continuous service and employ plaintiffs' union members thereon, asserting that such agreement did not exist, and that, in any event, it was not part of the collective bargaining agreements and, therefore, not subject to compulsory arbitration. The parties thereafter engaged in various discussions concerning the issues to be submitted to the arbitrator, however, no agreement was reached between them.

On April 9, 1974 an arbitration proceeding was conducted before Benjamin Heller, the permanent arbitrator appointed under the collective bargaining agreements. At that time, and over the objections of the defendant's counsel, plaintiffs' counsel presented evidence on the third issue, the alleged oral "side agreement". Defendant's counsel refused to participate in the arbitration with regard to this issue and did not present any evidence or make argument with respect thereto. On the following day, April 10, 1974, defendant made the present application for a stay of arbitration on the alleged oral "side agreement".

The issue before the court on the instant application can be simply stated: Is an alleged oral promise to maintain

the four involved vessels in continuous operation for a period of twenty-three years (their useful life) and to employ plaintiffs' union members thereon for that entire period, subject to the compulsory arbitration provisions of the collective bargaining agreements. Is an arbitrable controversy thereby presented? In the opinion of this court, the question posed must be answered in the negative.

Before addressing itself to the instant question of arbitrability the court must first respond to a challenge directed at its present jurisdiction. Such challenge, by plaintiffs, arises from their filing of a notice of appeal from the court's denial of a preliminary injunction on April 10, 1974.

Plaintiffs sought that this court issue a preliminary injunction restraining the defendant from transferring any of the involved vessels to MSC pursuant to the bare-boat charter agreements, prior to a decision by the arbitrator with respect to the issues presented at the April 9, 1974 arbitration hearing. After hearing counsel, the court denied the application, concluding that plaintiffs had not demonstrated sufficient cause for the entry of equitable relief. On April 12, 1974, plaintiffs filed a notice of appeal from the court's decision.

■ Plaintiffs presently contend that their filing of a notice of appeal from the court's decision of April 10, served to divest the court of all jurisdiction in this case. In this assertion, plaintiffs are incorrect. The complaint herein, which predicates jurisdiction upon Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeks relief and raises issues other than those presented on the application for the preliminary injunction and it is settled that an interlocutory appeal from the denial of preliminary injunctive relief divests the court only of jurisdiction with regard to questions raised and decided upon the interlocutory order appealed from. As was long ago stated by the Supreme Court:

An appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case. "The case, except for the hearing on the appeal from the interlocutory order, is to proceed in a lower court, as though no such appeal had been taken, unless otherwise specifically ordered."

Ex Parte National Enameling & Stamping Co., 201 U.S. 156, 26 S.Ct. 404, 50 L.Ed. 707 (1906). *See also,* DePinto v. Provident Security Life Ins. Co., 374 F: 2d 50, 51, n.2 (9 Cir. 1967); Janousek v. Doyle, 313 F.2d 916, 921 (8 Cir. 1963); Phelan v. Taitano, 233 F.2d 117, 119 (9 Cir. 1956); Students Challenging Reg. Agency Proc. v. United States, 353 F.Supp. 317, 320, n.2 (D.D.C.1973); Securities and Exchange Commission v. Crofter's Inc., 351 F.Supp. 236, 264 (S. D.Ohio 1972); 9 J. Moore, Federal Practice ¶ 203.11 at 739; Cf., Fed. R.Civ.P. 62(c).

■ Having concluded that the court is not divested of jurisdiction to entertain the instant application by virtue of plaintiffs' filing of the notice of appeal, the court need only address itself to one further procedural-jurisdictional point; the authority of the court to grant the sought after relief. In that regard, the court indicates that it has jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to consider the present application and to grant the requested stay. The Second Circuit's decision in Black-Clawson, Inc. v. International Association of Machinists, 313 F.2d 179 (2 Cir. 1962), and the line of cases which has developed therefrom, clearly establish that the court has authority under Section 301 to issue an order preventing submission of an issue to arbitration. *See also,* Sperry Rand Corp. v. Engineers Union, 371 F.Supp. 198, 85 L.R.R.M. 2615 (S.D.N.Y.1974).

The point of departure for the court's present inquiry is the so called *Steelworkers* Trilogy. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of Ameri-

ca v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960). The Trilogy establishes the following relevant propositions: (1) The function of the court is limited "to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract", United Steelworkers of America v. American Mfg. Co., *supra*, 363 U.S. 568, 80 S.Ct. 1346; and (2) Doubts as to the coverage of the arbitration clause should be resolved in favor of arbitration. United Steelworkers of America v. Warrior & Gulf Navigation Co., *supra*. Under these cases and those which follow, arbitration is clearly regarded as an important and preferred method of resolving labor disputes, one to which the court must defer in most instances.

■ The Trilogy and later cases have also made clear that questions of substantive arbitrability, such as that instantly before the court, are for the court, and not for the arbitrator to decide. In this regard, the court must determine both whether the parties have agreed to arbitrate and what issues are included in that arbitration agreement. Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); United Steelworkers of America v. Warrior & Gulf Navigation Co., *supra*; Torrington Co. v. Metal Products Union, 347 F.2d 93 (2 Cir. 1965), cert. denied, 382 U.S. 940, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965).

■ It is settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., *supra*, 363 U.S. at 582, 80 S.Ct. at 1353. *See also*, Torrington Co. v. Metal Products Union, *supra*, 347 F.2d at 95. Any question of whether or not a con-

tract to arbitrate the dispute in issue is extant, is a question for the court. As was stated by the Court of Appeals for this Circuit in Procter & Gamble Independent Union v. Procter & Gamble Mfg. Co., 312 F.2d 181, 184 (2 Cir. 1962), cert. denied, 374 U.S. 830, 83 S. Ct. 1872, 10 L.Ed.2d 1053 (1963):

> The duty to arbitrate is wholly contractual and the courts have the obligation to determine whether there is a contract imposing such a duty.

The governing rule, established by the Supreme Court in United Steelworkers of America v. Warrior & Gulf Navigation Co., *supra*, is that unless the parties expressly exclude a matter from arbitration, the court must conclude that they intended to submit it to the arbitrator. "An order to arbitrate the particular grievance should not be denied unless it can be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." [emphasis added] Id. at 582–583, 80 S.Ct. at 1353.

Judge Weinfeld well summed up the applicable standard in the following terms:

> Its [the court] sole inquiry is restricted to whether the parties did agree to arbitrate the grievance. The issue is to be decided within the framework of their collective bargaining. And when the parties have entered into a comprehensive arbitration provision, any challenge that a grievance is not intended to be covered thereunder, must find support in unmistakeably clear language of exclusion; arbitration of a particular dispute is to be ordered unless it may be said with positive assurance that it is excluded by the contract. Whatever doubts exist as to whether the grievance is within the ambit of the arbitral process are to be resolved in favor of coverage.

International Union of Electrical, Radio & Machine Workers v. Westinghouse Electric Corp., 218 F.Supp. 82, 84 (S.D. N.Y.1963), affirmed, 326 F.2d 758 (2 Cir. 1964).

■ With regard to the instant dispute involving an alleged oral "side agreement", the court finds that the parties did not agree to submit this dispute to arbitration and the court can say with "positive assurance" that this dispute is not covered by the arbitration clause contained in the involved collective bargaining agreements.

Article III, Section 1 of the collective bargaining contracts, which will expire on June 15, 1975, contains the arbitration clause here relevant:

Subject to the provisions of Section 2 of this article, there shall be no strikes or lockouts during the period in which this Agreement is in force. *In the event any grievance, dispute, disagreement, or controversy arises between the Union and the Company relating to or involving the interpretation, construction, application or performance of any of the terms and conditions of this agreement*, which the Company and the Union cannot mutually adjust within 48 hours after commencement of efforts to adjust

. . . it shall be submitted to arbitration by giving notice to the arbitrator specified herein by delivery or registered mailing of written notice to the arbitrator . . . . Any matter submitted to arbitration shall be arbitrated in the City of New York, or such other place as may mutually be agreed upon, but in any event, the laws of the State of New York applicable to arbitration shall apply. [emphasis added].

Assuming *arguendo*, the existence and validity of the alleged oral "side agreement" here involved,[1] that agreement is clearly without the confines of the collective bargaining agreements and contains terms which are in plain conflict with several of the provisions stated in those collective bargaining agreements—*i.e.*, the severance pay and notice provisions contained in Article II Section 9(A) and (D). The alleged "side agreement" is, at best, a separate contractual undertaking between the parties[2] and any dispute concerning its existence and effect cannot be said to be

---

[1]. Defendant seeks that the court declare the alleged oral "side agreement" void and unenforceable under the New York statute of frauds. New York General Obligations Law, McKinney's Consol. Laws, c. 24–A, § 5–701. Plaintiffs, in opposition, rely upon a line of cases which state that "the vagaries of state rules of law [the statute of frauds] may not override provisions of a federal act geared to the effectuation of an important national labor policy." Rabouin v. N.L.R.B., 195 F. 2d 906, 910 (2 Cir. 1952). *See also*, Hamilton Foundry & Mach. Co. v. International Moulders and Foundry Workmen, 193 F.2d 209 (6 Cir. 1952); Daniel Construction Co. v. Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 991, 364 F. Supp. 731 (S.D.Ala.1973). On the authority of these cases, plaintiffs contend that although the alleged oral "side agreement" of 23 years duration might be void under New York law, such law is irrelevant to a labor contract. The substantive rules of federal labor law, it is claimed, must be applied to the instant oral agreement and such rules render the alleged agreement valid and enforceable.

Although contrary authority exists, Genesco, Inc. v. Joint Council 13, United Shoe Workers of America, 341 F.2d 482, 486, n. 2 (2 Cir. 1965), and the cases relied upon may be

subject to distinction, the court need not now enter upon this thicket. It is enough, on the issue of arbitrability, for the court to conclude, assuming arguendo the validity and enforceability of the alleged oral agreement, that the present dispute does not come within the perimeters of the involved arbitration clause. The merits of the parties' controversy over the validity of the alleged oral "side agreement" are not now properly before the court and their resolution must await plenary action.

The applicability of the New York statute of frauds to the present controversy must remain in abeyance. The court indicates, however, that whether or not substantive federal labor law takes cognizance of the New York statute, the involved alleged oral agreement is of such a nature and duration, 23 years (plaintiffs now seek its enforcement until only June 15, 1975) and involves matters of such importance, that the court would find the common law rationale for the statute persuasive in the disposition of this contractual dispute. *See generally*, 2 Corbin on Contracts § 275 et seq.

For the reasons stated above, the court denies defendant's present motion for summary judgment.

[2]. Plaintiffs argue to the contrary. They assert that the alleged oral "side agreement"

"relating to or involving the interpretation, construction, application or performance of any of the terms and conditions of" the collective bargaining agreements. For this reason, the court can state with "positive assurance" that this dispute is not covered by the arbitration clause of the collective bargaining agreements. *See,* General Telephone Company of California v. Communications Workers of America, 402 F.2d 255 (9 Cir. 1968); Local Union No. 483, International Brotherhood of Boilermakers, etc. v. Shell Oil Company, 369 F.2d 526 (7 Cir. 1966); Sperry Rand Corp. v. Engineers' Union, *supra,* 85 L.R.R.M. at 2618; Fabijanic v. Sperry Gyroscope Division, 370 F.Supp. 62, 64 (S.D.N.Y. 1974); Cook v. Gristede Bros., 359 F. Supp. 906 (S.D.N.Y.1973); Jennings v. Westinghouse Electric Corp., 283 F. Supp. 308, 327 (S.D.N.Y.1968); Boeing Co. v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 231 F. Supp. 930 (E.D.Pa.1964), affirmed, 349 F.2d 412 (3 Cir. 1965); *cf.,* Local Union No. 702 v. Central Illinois Public Service Co., 324 F.2d 920 (7 Cir. 1963). As was stated by Judge Cooper in Cook v. Gristede Bros., *supra,* 359 F.Supp. at 908:

To extend by implication a limited and specific agreement to arbitrate

. . . would be to recklessly misconstrue and torture the clear import of the agreement and rewrite its terms. While there is no express provision excluding this particular grievance . . . from the arbitral process, the fact the parties in unambiguous fashion have expressed their intent by making specific provision for arbitration applicable only in a clearly defined area is evidence sufficiently forceful to declare their purpose to exclude other grievances therefrom. A matter is to be excluded when it is foreign to, and not included within the language of the agreement limiting arbitration to a particular type of dispute.

The recent case of Hoh v. Pepsico, Inc., 85 L.R.R.M. 2515 (E.D.N.Y.), affirmed, 491 F.2d 556 (2 Cir. 1974), does not, as plaintiffs contend, indicate that a contrary result is here warranted. In that case, the district court discussed the arbitrability of an alleged oral side agreement of a nature similar to that instantly before the court and indicated that the issue thereby raised was "the most important question . . . . presented". 85 L.R.R.M. at 2516. However, neither the district court, nor the Court of Appeals, decided the question

---

"has been integrated into [the] collective bargaining relationship by virtue of industrial practice. . . . " Plaintiffs' Memorandum In Opposition, p. 5. They further disclaim any intention of extending the alleged oral agreement beyond the period of the present collective bargaining agreements. McKay Affidavit ¶ 4. With this position the court cannot agree.

Article II, Section 9 of the Collective Bargaining Agreements clearly manifests the parties intent against such integration. Subsection A thereof deals with severance pay of plaintiffs' members "who have lost their positions by reason of the sale or transfer of the vessel on which they were employed." Subsection D deals with notice by defendant to the Unions prior to any sale or transfer of its vessels. Both of these provisions plainly demonstrate that the parties had contemplated the possible disposition of the involved vessels during the contract period and that they made provision for such occurrence. These written terms

and conditions are in complete derogation of plaintiffs' position that the alleged oral "side agreement", which requires defendant to maintain the involved vessels in *continuous service,* has been integrated into and has become part of the collective bargaining agreements.

An oral agreement entered into during the period of a written collective bargaining agreement may be considered by the court and may be incorporated into the written agreement only when it is not inconsistent with the provisions of the writing. *See,* Labor Relations Expediter (LRX) 126; *Cf.,* Watson v. International Brotherhood of Teamsters, etc., 399 F.2d 875 (5 Cir. 1968); United Shoe Workers of America v. Le Danne Footwear, 83 F.Supp. 714 (D.Mass. 1949). When found to be inconsistent, the written agreement, and not the subsequent oral agreement, must control. In the instant case, the alleged subsequent oral "side agreement" is plainly inconsistent.

of substantive arbitrability of the alleged oral side agreement and, therefore, the *Hoh* case does not bear any precedential weight on the issue presently before the court.

 The final contention of the plaintiffs, which warrants discussion by the court, is an assertion that the provision of the arbitration clause which states ". . . the laws of the state of New York applicable to arbitration shall apply" is here operative; and that the relevant New York law is to the effect that the defendant's participation in the arbitration proceeding and its failure to move for a stay of arbitration on the issue of the alleged oral "side agreement" prior thereto, constitutes a waiver of defendant's right to thereafter contest the question of arbitrability. The answer to this contention is simply stated: the court having concluded that the arbitration provision of the collective bargaining agreements is not applicable to the instant dispute, it follows, as night follows day, that the reference to New York law therein contained is similarly inapplicable. Additionally, and in any event, under the leading decisions of the Supreme Court, the court must apply federal labor law to the instant dispute and the strictures of New York arbitration law cannot be here invoked. The relied upon New York law goes only to arbitrable disputes and here, no arbitrable dispute is presented.

 Additionally, the court indicates that any participation by defendant at the arbitration proceedings heretofore held would not act to bar the relief here sought. Assuming that defendant had fully participated in the arbitration proceeding and that the arbitrator had rendered an award thereupon, any decision by the arbitrator that he had authority to render such award would not be accepted by the court where the court is able to perceive that the arbitrator had presumed his authority from sources outside of the collective bargaining agreements. *See, e. g.*, Torrington Company v. Metal Product Workers Union Local 1645, 362 F.2d 677, 680 (2 Cir. 1966). Such would be the result in the present case if the court permitted the instant dispute to proceed to arbitration on the ground that defendant had waived its right to seek a stay thereof. In light of the above discussion, the court would be compelled to vacate any award in plaintiffs' favor there rendered. To allow the arbitration to proceed under such circumstances would be wholly inconsistent with the court's obligation and with the interests of judicial economy.

## ORDER

The defendant, Falcon Carriers, Inc., having moved this court for an order permanently staying arbitration on the issue of the existence and effect of an alleged oral "side agreement" between plaintiffs and defendant, relating to their relationship as employer and collective bargaining agent, requiring that defendant maintain four vessels owned and operated by it in continuous operation for a period of twenty-three years and to employ members of plaintiff unions thereon for the entire period specified, and the defendant having further moved for an order directing the entry of summary judgment in its favor dismissing plaintiffs' claim in the complaint with regard to the same issue and the court having heard the aforesaid motions and having issued an opinion which is annexed hereto and incorporated by reference herein, it is

Ordered that the plaintiffs, District 2 Marine Engineers Beneficial Association, AFL–CIO and Associated Maritime Officers, a Division of District 2, Marine Engineers Beneficial Association, AFL–CIO, and each of them, and their officers, agents, servants, representatives and employees, and all other persons acting in active concert or participation with them and Benjamin Heller, Esq., the arbitrator specified in the collective bargaining agreements between the plaintiffs and the defendant and the arbitrator who conducted the arbitration hearing between the aforesaid

parties on April 9, 1974 and each of them, be and hereby are permanently stayed, enjoined, and restrained from submitting to the arbitration, arbitrating, rendering an award, confirming an award, or in any other manner pursuing procedures or remedies available in arbitration with respect to the issue of the existence and effect of the aforestated alleged oral "side agreement"; and it is

Further ordered, that defendant's motion, made pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, for the entry of summary judgment dismissing any and all claims made by plaintiffs, in the complaint herein, seeking arbitration on the issue of the existence and the effect of the aforestated alleged oral "side agreement", be and hereby is denied.