SUMMARY ORDER

In No. 09-2749-cv, Plaintiff-Appellant International Business Machines Corpora *455 tion (“IBM”) appeals from a June 26, 2009, 629 F.Supp.2d 321, order of the United States District Court for the Southern District of New York (Robinson, J.) denying IBM’s motion for a preliminary injunction. In No. 09-3372-op, IBM seeks a writ of mandamus to vacate a July 30, 2009, 2009 WL 2356430, order of the same district court denying IBM leave to file a second preliminary injunction motion. In No. 09-3426-cv, IBM appeals from the same July 30, 2009 order that it seeks to vacate in its mandamus petition. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
The district court has “wide discretion in determining whether to grant a preliminary injunction,” and we review the district court’s determination only for abuse of discretion. See Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 511 (2d Cir.2005). To obtain a preliminary injunction in the district court, the movant must show: (1) irreparable injury; and (2) either: (a) a “likelihood of success on the merits;” or (b) “sufficiently serious questions going to the merits and a balance of the hardships decidedly tipped in the movant’s favor.” Green Party of N.Y. State v. N.Y. State Bd. of Elections, 389 F.3d 411, 418 (2d Cir.2004). The district court did not abuse its discretion in denying IBM’s motion for a preliminary injunction. The parties dispute whether Winter v. Nat’l Res. Def. Council, — U.S. —, 129 S.Ct. 365, 374-75, 172 L.Ed.2d 249 (2008), overruled this Court’s alternate preliminary injunction standard. We do not reach the question because IBM failed to make sufficient showings that it had a likelihood of success on the merits or that a balance of the hardships tipped decidedly in its favor. The district court’s conclusions on these issues were well-supported by the court’s finding that Johnson was extremely credible, and that IBM’s designated witness was much less credible chiefly because IBM’s witness lacked familiarity with documents bearing on the controversy. We have considered all of IBM’s arguments and find them to be without merit. Accordingly, the June 26, 200.9 order of the district court is affirmed.
With respect to IBM’s mandamus petition in No. 09-3372-op, no exceptional circumstances warrant the requested relief. See In re von Bulow, 828 F.2d 94, 96 (2d Cir.1987). Here, as IBM filed an interlocutory appeal in the preliminary injunction matter described above, the district court correctly noted that “allowing IBM to file this second motion for a preliminary injunction might well encroach upon the Second Circuit’s review of IBM’s appeal.” IBM Corp. v. Johnson, 2009 WL 2356430, at *3, 2009 U.S. Dist. LEXIS 66851, *9 (S.D.N.Y.2009) (citing Marine Eng’rs Beneficial Assoc. v. Falcon Carriers, 374 F.Supp. 1342, 1345 (S.D.N.Y.1974)). As IBM argued at length in its initial preliminary injunction motion that Johnson’s possession of and tendency to misuse IBM’s trade secrets threatened it with irreparable harm, the appeal at issue in that motion temporarily divested the district court of jurisdiction to consider a second motion arising from the same facts even if IBM asserted a nominally different cause of action. New York v. Nuclear Regulatory Com., 550 F.2d 745, 758-59 (2d Cir.1977); see also Marine Eng’rs Beneficial Assoc., 374 F.Supp. at 1345 (S.D.N.Y.1974) (“[I]t is settled that an interlocutory appeal from the denial of preliminary injunctive relief divests the court only of jurisdiction with regard to questions raised and decided upon the interlocutory order appealed from.”). As the relevant issues were on appeal before this Court, the district court was correct in not allowing a second preliminary injunction motion that would have reargued those issues before the district *456 court as well. Accordingly, the mandamus petition is denied.
Finally, with respect to the appeal in No. 09-3426-cv, this Court has determined sua sponte that the appeal presents no arguably meritorious issue for our consideration. See Pillay v. INS, 45 F.3d 14, 17 (2d Cir.1995) (holding that this Court has “inherent authority ... to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration”). Any conceivable challenge to the appealed-from order would essentially duplicate the arguments we have already rejected with respect to the mandamus petition. Therefore, further proceeding in this appeal would be a waste of judicial resources. Accordingly, the appeal in No. 09-3426-cv is dismissed.