**Rodney BRANHAM, Plaintiff,**

v.

**John SPURGIS, Defendant.**

No. G88–814 CA1.

United States District Court, W.D. Michigan, S.D.

Aug. 4, 1989.

Rodney Branham, Jackson, Mich., in pro. per.

Jann Ryan Baugh, Asst. Atty. Gen., Lansing, Mich., for defendant.

## OPINION

HILLMAN, Chief Judge.

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint stems from a misconduct hearing conducted by defendant in October of 1988. Read liberally, plaintiff's complaint alleges that he was denied due process of law when defendant refused to accept plaintiff's relevant documents at the misconduct hearing. Plaintiff seeks declaratory, injunctive, and monetary relief.

Both parties have moved for summary judgment, Fed.R.Civ.P. 56, supporting their motions with copies of the misconduct report, the hearing report and the relevant state guidelines outlining the procedures at a misconduct hearing.[1] Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see Smith v. Hudson,* 600 F.2d 60, 64 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Booker v. Brown & William-*

---

1. Defendant has captioned its motion as one to dismiss the complaint for failure to state a claim upon which relief can be granted. Because defendant's motion relies on matters outside the pleadings, it is properly analyzed as a motion for summary judgment. Fed.R.Civ.P. 12(b)(6).

*son Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986)). Applying these standards, the court determines that defendant is entitled to summary judgment.[2]

## DISCUSSION

### I.

■ Defendant is a hearing officer employed by the Michigan Department of Corrections. He found plaintiff guilty at three separate hearings of disobeying a direct order. As a professional hearing officer, defendant is entitled to absolute judicial immunity from damages for acts done within his jurisdiction. The Sixth Circuit has recently ruled that prison hearing officers in the Michigan system are entitled to absolute judicial immunity. *Shelly v. Johnson,* 849 F.2d 228 (6th Cir.1988) (per curiam), *aff'g* 684 F.Supp. 941 (W.D.Mich. 1987). The court in *Shelly* relied upon the provisions of Michigan law that require hearing officers to be attorneys and invest them with the power to conduct formal, adversary proceedings in prison misconduct cases, independent from the prison administration. Mich.Comp.Laws §§ 791.251–791.-255. Michigan hearing officers are therefore analogous to federal administrative law judges, found to be absolutely immune in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), as the

hearing officer's function is "functionally comparable" to that of a judge.

The allegations of plaintiff's complaint challenge the acts of defendant in conducting an administrative hearing, a judicial act within his jurisdiction as a hearing officer. Defendant is entitled to absolute judicial immunity from damages for all judicial acts performed in the course of conducting misconduct hearings. *Shelly v. Johnson,* 849 F.2d at 229; *see Foster v. Walsh,* 864 F.2d 416, 417 (6th Cir.1988). Therefore, he is entitled to summary judgment on plaintiff's claims for monetary relief.

### II.

■ Besides monetary relief, plaintiff seeks injunctive relief reversing his misconduct convictions and expunging them from his prison record. As grounds for this relief, plaintiff alleges that he did not receive due process at the misconduct hearing.[3]

■ Plaintiff's procedural due-process claim is subject to dismissal under the rule of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Under *Parratt,* a person deprived of property by a "random and unauthorized act" of a state employee has no federal due-process claim unless the state fails to afford him adequate post-deprivation remedies. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt,* 451 U.S. at 537, 101 S.Ct. at 1914. This rule applies to

---

2. The court is aware that plaintiff has an appeal pending before the Sixth Circuit regarding the denial of his motion for a preliminary injunction. This court nevertheless may decide plaintiff's case on the merits. "[A]n appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." 9 M. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3–54 (2d ed. 1989); *Ex parte National Enameling & Stamping Co.,* 201 U.S. 156, 162, 26 S.Ct. 404, 50 L.Ed. 707 (1906); *see West Publishing Co. v. Mead Data Central, Inc.,* 799 F.2d 1219, 1229 (8th Cir.1986), *cert. denied,* 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987). For this reason, the court retains jurisdiction over the merits of the case and may grant summary judgment, if either party is entitled to judgment as a matter of law.

3. The court notes that, in his complaint, plaintiff also claims that he was denied equal protection of the law. The civil rights statutes require specific allegations of facts indicating a deprivation of rights. *See Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir.1971). In this case, plaintiff has failed to establish in any capacity how he was denied equal protection of the law. He has not alleged any facts indicating discriminatory or unequal treatment. He has done nothing but raise a vague, general complaint about the misconduct hearing process. For these reasons, the court will only consider plaintiff's due-process claim, and defendant is entitled to summary judgment on the equal protection claim.

both negligent and intentional deprivations, as long as the deprivation was not done pursuant to an established state procedure. *Hudson v. Palmer,* 468 U.S. 517, 530–36, 104 S.Ct. 3194, 3202–05, 82 L.Ed.2d 393 (1984); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982). The Sixth Circuit has held that the rule of *Parratt v. Taylor* applies to alleged deprivations of liberty, as well as property. *Wilson v. Beebe,* 770 F.2d 578, 584 (6th Cir.1985) (en banc); *accord Watts v. Burkhart,* 854 F.2d 839, 843 (6th Cir.1988).

Plaintiff's claim is clearly premised upon an alleged unauthorized act, not an established state policy. Plaintiff alleges that the policy of the Department of Corrections, as established by the state administrative rules, provides that inmates may offer documents and request disqualification of a hearing officer at a misconduct hearing. Mich.Admin.Rule R791.3315(5)(a), (f). Plaintiff contends that defendant violated established policy by failing to allow plaintiff to do so. Accepting plaintiff's allegations as true, the court determines that plaintiff's claim is premised on a random and unauthorized act within the meaning of *Parratt v. Taylor.*

In the Sixth Circuit, plaintiffs who assert procedural due-process claims premised upon unauthorized acts of state officials must plead and prove the inadequacy of state post-conviction remedies. *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983), *cert. denied,* 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984). Plaintiff has not and cannot meet this burden. Michigan law provides effective remedies for review of prisoners' misconduct convictions and vindication of their right to due process in the disciplinary proceedings. Michigan statutory law, Mich.Comp.Laws § 791.254, provides for rehearing of prison disciplinary decisions on the ground, among others, that "[t]he prisoner's due process rights were violated." *Id.* at § 791.254(2)(c). If a request for rehearing is ultimately unsuccessful, plaintiff has a right to judicial review in the state circuit court. Mich.Comp. Laws § 791.255. The circuit court has plenary powers to reverse the hearing decision on due-process grounds. *Id.* at § 791.255(4), (5); *see Khan v. Warden, Jackson Prison,* 128 Mich.App. 224, 340 N.W.2d 77 (1983). In a very real sense, the misconduct hearing is only the first step of a statutory scheme carefully designed to assure fair disciplinary procedures.

The Michigan statutory review procedure goes far beyond the requirements of due process. Due process requires only that the state provide minimal notice and opportunity to be heard, *see Wolf v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and that the decision be supported by "some evidence." *Superintendent, Mass. Corr. Fac. v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). The Michigan courts, in contrast, will reverse misconduct convictions not only for violations of minimal due-process guaranties, but also for prejudicial violations of the more extensive requirements of state procedural law. Mich.Comp.Laws § 791.254(2)(b). Likewise, the Michigan courts require that the conviction be supported by "competent, material and substantial evidence on the whole record," *id.* at § 791.255(5), not merely by "some evidence." A prisoner's appeal to state circuit court, then, is more than adequate to vindicate federal rights. The Sixth Circuit has squarely held that such an appeal of administrative decisions to the state circuit court provides an adequate remedy for administrative violations of procedural due process for purposes of *Parratt v. Taylor. Sewell v. Jefferson County Fiscal Court,* 863 F.2d 461, 468 (6th Cir.1988).

A recent decision of the Sixth Circuit has applied the same analysis in rejecting an inmate's claim that he was denied due process of law at a misconduct hearing. *Abdur–Rahman v. Settles,* 848 F.2d 188 (6th Cir.1988). In *Settles,* a Michigan prisoner was found guilty at a misconduct hearing of being out of place. The prisoner brought a § 1983 action in federal court complaining that he was denied due process because the misconduct hearing was not conducted in accordance with departmental policy. The district court granted the defendants summary judgment on the due-

process claim. In affirming the district court's decision in that respect, the Sixth Circuit relied on *Parratt v. Taylor* and *Wilson v. Beebe:*

> The district court, however, correctly granted summary judgment in favor of appellees on that part of Abdur–Rahman's 42 U.S.C. § 1983 complaint alleging violations of his procedural due process rights. *Parratt* and *Wilson* direct such judgment upon the determination that state law provides an adequate post deprivation remedy. As indicated by the district court, the Michigan Department of Corrections has an established procedure to direct prison officials in their handling of minor misconduct reports. The procedures provide the inmate, inter alia, the right to appeal the decision of the minor misconduct hearing team to the Assistant Deputy Warden of Housing Units. The latter is directed to review the minor misconduct hearing team dispositions to assure that inmates were afforded procedural due process rights.

In the present case as well, state law provides plaintiff with adequate post-deprivation remedies. In fact, plaintiff has a greater opportunity for review than found acceptable by the court in *Settles*. In *Settles*, the court found that the right to appeal the conviction of a minor misconduct to an assistant deputy warden was an adequate post-deprivation remedy provided by state law. By comparison, plaintiff is entitled not only to request a rehearing, but can ultimately seek review of his major misconduct conviction in the circuit court of the State and can seek discretionary appeals all the way to the state Supreme Court. M.C.R. 7.203(B), 7.301(2). Clearly then, because adequate post-deprivation remedies exist, plaintiff has no federal due-process claim arising from his misconduct conviction. Defendant is therefore entitled to judgment as a matter of law.

### III.

■ Plaintiff's complaint also asserts pendent state-law claims. In the leading case of *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Supreme Court stated that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." More recent cases have made it clear that this statement does not establish an inflexible rule, but confers discretion on the trial court to entertain the state claims or to dismiss them without prejudice. *See Rosado v. Wyman*, 397 U.S. 397, 403–05, 90 S.Ct. 1207, 1213–14, 25 L.Ed.2d 442 (1970); *Roberts v. City of Troy*, 773 F.2d 720, 726–27 (6th Cir.1985). In exercising this discretion, the district court must consider "the values of judicial economy, convenience, fairness and comity." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Consideration of these factors indicates that plaintiff's state claims should be heard in state court. State-law issues are generally best handled by the courts of the state; when dealing with the especially sensitive issues raised in prisoner litigation, this consideration has even more weight. Plaintiff's pendent claims will therefore be dismissed without prejudice. Plaintiff may still raise these claims in the Michigan courts, as the running of the Michigan statute of limitations has been tolled by his incarceration. Mich.Comp.Laws § 600.5851(1); *Hardin v. Straub*, —— U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989).

### JUDGMENT

In accordance with the opinion filed this date:

IT IS ORDERED AND ADJUDGED that plaintiff's motion for summary judgment is DENIED and defendant's motion is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff take nothing by his complaint and that judgment be entered on behalf of defendant on all federal claims.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff's state-law claims are dismissed without prejudice.