**Quincy LEONARD, Plaintiff,**

v.

**Melody WALLACE and James Wilcox, Defendants.**

Civ. A. No. 94–70772.

United States District Court, E.D. Michigan, Southern Division.

Oct. 14, 1994.

*ORDER REJECTING MAGISTRATE JUDGE PEPE'S SEPTEMBER 2, 1994 AMENDED REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

The court, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(B), and LR 72.1(d)(2) (E.D.Mich. Jan. 1, 1992), has reviewed the magistrate judge's September 2, 1994 amended report and recommendation as well as defendants' September 9, 1994 objections and plaintiff's October 3, 1994 response filed thereto. After conducting a *de novo* review, the court finds that it will reject the magistrate judge's report and recommendation and grant defendants' motion for summary judgment.

### I. Background

Plaintiff Quincy Leonard is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). He is seeking recovery of damages and injunctive relief from defendants under 42 U.S.C. § 1983 for violations of his right to due process.

In November 1993, plaintiff received a major misconduct ticket that charged him with assaulting another inmate. The charge was based upon information supplied by a confidential informant. Following an investigation and hearing, plaintiff was found guilty of

the misconduct charge and sentenced to thirty days detention and reclassification to administrative segregation. After this decision, plaintiff sought a rehearing which was denied. Defendant Melody Wallace is the MDOC hearing officer who worked on the case, and defendant James Wilcox acted as the hearing investigator.

Plaintiff claims that defendants violated his due process rights when they refused to direct his written questions to the confidential informant. In addition, plaintiff contends that defendant Wallace failed to make an adequate determination of the confidential informant's credibility. Plaintiff is seeking money damages from defendant Wilcox and injunctive relief against defendant Wallace. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. Defendants contend that no constitutional violation occurred and that they are entitled to judicial and prosecutorial immunity. The court referred defendants' motion to the magistrate judge for issuance of a report and recommendation.

The magistrate judge recommended that the court deny defendants' motion. He found that defendants were not entitled to immunity, and that plaintiff had presented adequate evidence to raise a genuine issue of material fact concerning the alleged constitutional violations. Furthermore, the report found that plaintiff had presented adequate evidence in support of his claim that he had been deprived of his liberty without due process because of unfair procedures used by defendants at his misconduct hearing.

## II. Analysis

The court will reject the magistrate judge's report and recommendation and enter judgment in favor of defendants because it finds that plaintiff has not alleged a constitutional violation. Because it finds that plaintiff has not raised a cognizable claim under section 1983, the court will not address the immunity issues.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that an inmate who was deprived of property by a random and unauthorized act of a state employee has no federal due process claim unless the state fails to provide him with adequate post-deprivation remedies. Where adequate post-deprivation remedies exist, the deprivation, although real, is not without due process of law. *Id.* at 537, 101 S.Ct. at 1914; *see also Branham v. Spurgis*, 720 F.Supp. 605, 607 (W.D.Mich. 1989). The rule in *Parratt*, however, does not apply where the deprivation occurs pursuant to an "established state procedure" without adequate pre-deprivation procedural safeguards. *Hudson v. Palmer*, 468 U.S. 517, 530–36, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982). In *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985), the Sixth Circuit extended the rule in *Parratt* to section 1983 actions brought for due process claims for deprivation of liberty interests. Under this guidance, if defendants' acts that deprived plaintiff of a fair hearing were random and unauthorized and not done pursuant to an established state procedure, then plaintiff has only alleged a constitutional violation if he did not have adequate state post-deprivation remedies.

The court finds that the alleged acts of defendants were random and unauthorized under *Parratt* and were not done pursuant to an established state procedure.[1] In fact, defendants' alleged conduct was directly contrary to state prison regulations. Under state regulations governing formal hearings, a prisoner has a right to submit written

---

1. In his amended report and recommendation, the magistrate judge stated that "[t]he deprivation at issue is plaintiff's assignment to detention and subsequent assignment to administrative segregation. There can be no doubt that this deprivation of plaintiff's liberty was imposed pursuant to established State procedure." Amended Report and Recommendation at 7. This conclusion appears to be based merely on the fact that plaintiff's punishment was imposed pursuant to a formal disciplinary hearing. As the court discusses in this order, however, defendants' alleged, wrongful conduct was contrary to state regulations. Thus, although the punishment was imposed by way of a formal hearing, the acts complained of by plaintiff that tainted the hearing were random and unauthorized. In this instance, state law provides an adequate post-deprivation remedy.

questions to be asked by the hearing investigator of particular witnesses. Mich.Admin.Code § 791.3315(5)(e). In this instance, although defendants deny his allegations, plaintiff alleges that he submitted written questions to be directed to the confidential informant which were refused by Wallace and Wilcox. This conduct is directly contrary to section 791.3315(5)(e). Plaintiff's allegation concerning adequate credibility findings similarly contradicts standard state procedures for such hearings. *See* § 791.3315(8)(c); *see also Hensley v. Wilson,* 850 F.2d 269 (6th Cir.1988). Based upon these findings, defendants' conduct was random and unauthorized and *contrary* to established state procedure.

The court also finds that state law provides plaintiff with more than adequate post-deprivation remedies. *See* M.C.L.A. § 791.254. Under the applicable statute, plaintiff can seek a rehearing, as he did in this case. If a rehearing is denied, plaintiff can seek review with a state circuit court judge. *Id.* § 791.255. In addition, discretionary review is available up to the Michigan Supreme Court. In *Branham v. Spurgis,* 720 F.Supp. 605, 608 (W.D.Mich.1989), the court found that these same post-deprivation procedures "go[ ] far beyond the requirements of due process." *See also Sewell v. Jefferson Cty. Fiscal Court,* 863 F.2d 461, 468 (6th Cir. 1988), *cert. denied,* 493 U.S. 820, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989). State law provides plaintiff with post-deprivation remedies that insure that procedural violations that may have occurred at his disciplinary hearing can be adequately reviewed and dealt with under established constitutional guidelines.[2]

### III. Conclusion

The court finds that plaintiff has failed to allege the constitutional violation necessary to sustain his section 1983 claim. The alleged acts by defendants that deprived plaintiff of a fair hearing were random and unauthorized and were not done pursuant to established state procedures. In addition,

state law provided plaintiff with adequate post-deprivation remedies.

In his September 2, 1994 amended report and recommendation, the magistrate judge recommended that this court deny defendants' motion to dismiss and/or for summary judgment. Because it finds that plaintiff has failed to establish any federal constitutional violation in support of his section 1983 claim, the court will reject the magistrate judge's report and recommendation and grant defendants' motion for summary judgment.

Pursuant to 28 U.S.C. § 1915(a), an appeal may not be taken *in forma pauperis* if the trial judge certifies in writing that it is not taken in good faith. After a thorough review of the record, the court does not hesitate in concluding that for the reasons discussed above an appeal, if taken, would not be in good faith. Thus, plaintiff's anticipated request to proceed on appeal *in forma pauperis* is **DENIED.**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the magistrate judge's September 2, 1994 amended report and recommendation is **REJECTED.**

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment is **GRANTED.** Plaintiff's complaint is **DISMISSED** with prejudice.

**SO ORDERED.**

---

2. As the court noted earlier, plaintiff actually took advantage of his post-deprivation remedies by seeking a rehearing. In his petition for rehearing, plaintiff argued that he was denied his right to submit written questions to a witness and that an insufficient evaluation of the confidential informant's credibility had been made by the hearing officer. On the petition form, plaintiff also circled pre-printed statements complaining of a violation of due process and an inadequacy of factual findings. These are the same claims raised in his section 1983 suit.